186 So. 478

**NATIONAL LINEN SERVICE CORPORA-
TION v. STATE TAX COMMISSION.**

**3 Div. 267.**

Supreme Court of Alabama.

Jan. 31, 1939.

Rehearing Denied Feb. 21, 1939.

A. A. Carmichael, Atty. Gen., Jas. L. Screws and Wm. H. Loeb, Asst. Attys. Gen., and Jack Crenshaw, of Montgomery, for appellee.

A. Berkowitz, Jas. L. Permutt, Benners, Burr, McKamy & Forman, and Frontis H. Moore, all of Birmingham, for appellant.

362

BOULDIN, Justice.

This cause raises the question of the constitutionality of Section 2(d) of the Sales Tax Law of Alabama, Gen.Acts Special Session, 1936-37, p. 125, 126.

Subdivision (d) reads: "A situs is hereby declared to exist for the purpose of this Act and there is hereby levied a tax of two per cent on the fair market value of goods, wares and merchandise, motor vehicles, radio receiving sets, phonograph mechanisms, and all articles of trade imported or brought into this State by any consumer on which the tax herein levied has not been paid; provided, said goods, wares and merchandise have terminated their movement into the State of Alabama and the original package in which they were imported has been broken and they have been within the confines of the State of Alabama for a period of more than twenty-four hours prior to their consumption by the importer thereof."

Appellant challenges this provision as in violation of the Commerce Clause of the Constitution of the United States; and upon the further ground this is a tax on property, and in violation of Section ·214 of the State Constitution limiting the rate of ad valorem taxes in Alabama.

This statute enacted under the title "An Act To further provide for the general revenue of the State of Alabama," etc., by Section 2, levies, or purports to levy, privilege or license taxes on specified business activities on a basis of a per centum on gross sales, or gross receipts as the case may be. Such business activities are listed in subdivision (a) to (e) inclusive. We summarize here as follows:

(a) On persons engaged in the business of selling tangible personal property at retail.

(b) On persons in the business of selling any automotive vehicle. A special reduced per centum is prescribed for this tax.

(c) On persons in the business of conducting places of amusement or entertainment.

(d) Copied above.

(e) On salesmen and solicitors for the sale of merchandise located without this State directly to consumers in this State.

Taxing statutes are to be construed strictly against the State and in favor of the taxpayer. But this does not impinge upon the all prevailing rule that a statute is to be construed in accordance with its real intent and meaning, and not so strictly as to defeat the legislative purpose. 61 C.J. 168; Pappanastos v. State Tax Commission, 235 Ala. 50, 177 So. 158.

Another well known rule intervenes in dealing with the constitutionality of a statute. It should be construed, if reasonably capable of such construction, so as to uphold the statute, to give it a field of operation within constitutional bounds, not to strike down as an abortive attempt

to legislate. Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256; State v. Alabama Fuel & Iron Co., 188 Ala. 487, 66 So. 169, L.R.A.1915A, 185, Ann.Cas.1916E, 752.

■ Whether the tax imposed by Section 2 (d) above, is violative of the Commerce Clause of the Federal Constitution, U.S.C.A.Const. art. 1, § 8, cl. 3, is as of course, a Federal question, upon which the decisions of the United States Supreme Court are controlling.

■ As early as Hinson v. Lott, 8 Wall. 148, 19 L.Ed. 387, a case originating in Alabama, it was declared in general terms that if the State Taxing Act "institutes no legislation which discriminates against the products of sister States, but merely subjects them to the same rate of taxation which similar articles pay that are manufactured within the State, we do not see in it an attempt to regulate commerce, but an appropriate and legitimate exercise of the taxing power of the States." [Page 153.]

In Henneford v. Silas Mason Co., 300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814, the court considered a tax upon the use of machinery brought into a State where the tax system also levied a tax of equal burden on retail sales, as under our statute. Whether the tax in question was deemed a property tax or an excise tax was deemed unimportant. Emphasis was put on the fact that retail dealers in the State were enabled to compete on equal terms with retail dealers in other States free from the burden of such tax, and also the hazard of loss of revenue by tempting consumers to place their orders in other States and thus escape the payment of the local sales tax.

Appellee, in brief, well suggests that a vital inquiry is whether the State is powerless to frame a tax system of this character without discriminating against its own citizens by inviting outside competition free from such tax burden, and at the same time depleting its own revenues to be derived from the local retail business.

■ In the recent case of Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944, the Supreme Court reviewed the decisions relating to various forms of State taxation as affecting interstate commerce. Omitting the many cases cited to the principles announced, and referring the reader to that decision for supporting authority, we cannot better state the law applicable to the instant case than to quote several excerpts from that opinion. Says the Court, opinion by Justice Stone [page 548]: "It was not the purpose of the commerce clause to relieve those engaged in interstate commerce from their just share of state tax burden even though it increases the cost of doing the business. 'Even interstate business must pay its way.'"

After enumerating various taxes which add to the expense of carrying on interstate business, and so burden it, but are not for that reason prohibited, the opinion proceeds:

"On the other hand, local taxes, measured by gross receipts from interstate commerce, have often been pronounced unconstitutional. The vice characteristic of those which have been held invalid is that they have placed on the commerce burdens of such a nature as to be capable in point of substance, of being imposed * * * with equal right by every state which the commerce touches, merely because interstate commerce is being done, so that without the protection of the commerce clause it would bear cumulative burdens not imposed on local commerce.

*   *   *   *   *   *

"Taxation measured by gross receipts from interstate commerce has been sustained when fairly apportioned to the commerce carried on within the taxing state * * * and in other cases has been rejected only because the apportionment was found to be inadequate or unfair.

*   *   *   *   *   *

"Whether the tax was sustained as a fair means of measuring a local privilege or franchise * * * or as a method of arriving at the fair measure of a tax substituted for local property taxes * * * it is a practical way of laying upon the commerce its share of the local tax burden without subjecting it to multiple taxation not borne by local commerce and to which it would be subject if gross receipts, unapportioned, could be made the measure of a tax laid in every state where the commerce is carried on."

The tax there considered was sustained, because it "finds support in reason, and in the practical needs of a taxing system which, under constitutional limitations, must accommodate itself to the double demand that interstate business shall pay its way, and that at the same time it shall not be burdened with cumulative exactions

which are not similarly laid on local business."

See, also, Gwin, White & Prince v. Henneford, 59 S.Ct. 325, 83 L.Ed. ——.

The tax imposed by Section 2(d) is at the same rate as sales by retail dealers within the State, save the item of motor vehicles. As to these, the principle of equality would demand that the tax under 2(d) be the same as in 2(b). The basis of value on which the tax is levied is substantially the same. The sales price governs in local retail sales. The fair market value of property brought into and acquiring a situs under (2) is not essentially different from the prevailing market price of the article at that time and place. Both taxes are paid ultimately by the same party, the consumer.

While the local retail dealer is made the taxpayer, required to take out the license, to keep records, make reports, and make payment of the tax at stated times, he is required under penalty to collect the tax from the consumer. The consumer is the final burden bearer. In that sense the tax is a consumer's tax. Doby v. State Tax Commission, 234 Ala. 150, 174 So. 233; Lone Star Cement Corp. v. State Tax Commission, 234 Ala. 465, 175 So. 399, 402.

■ We conclude the tax imposed by Section 2(d) is not illegal and void on the ground that it is violative of the Commerce Clause of the Constitution of the United States.

Section 2(d) is further challenged on the ground that the tax thereby imposed is a property tax, not a privilege or excise tax, and, therefore, violative of Section 214 of the Constitution of Alabama limiting the rate of ad valorem taxes.

Section 211 of our constitution requires that all taxes levied on property in this State shall be in proportion to value.

Section 217 requires the property of all persons or corporations to be taxed at the same rate.

Under these uniformity provisions of our constitution if the tax levied by Section 2(d) is a property tax, it is illegal and void, and this subdivision is stricken from the statute by the constitution.

Appellant insists, first, that on the face of this subdivision the tax is levied on property.

True, this statute first fixes a situs for purposes of taxation, a time when and place where the property passes out of the channels of interstate commerce, becomes merged with the properties within the State subject to taxation as property.

But this provision may likewise serve to prevent taxation hampering the movement of the articles in interstate commerce, while in course of transportation, and to fix a time and place for purposes of valuation as a basis for calculating an excise tax based on a per centum of value.

■ The statute does not say the tax is levied on the articles, but a per centum on their fair market value. As often declared, the scheme of taxation is to be viewed as a whole. This court has often considered this statute, and declared its purpose, on the whole, to levy excise taxes. Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402; Lone Star Cement Co. v. State Tax Commission, supra; State Tax Commission v. Hopkins, 234 Ala. 556, 176 So. 210; Long et al. v. Roberts & Son, 234 Ala. 570, 176 So. 213.

Appellant argues the tax under Section 2(d) is levied on the "use" of property, that no privilege as a basis of taxation is enjoyed other than the consumption of the property in the use to which it is adapted; that such use is an element of value on which ad valorem taxes are based, and this tax must, therefore, be classed as a property tax. This presents the most intricate question in the case.

In Henneford v. Silas Mason Co., supra, Mr. Justice Cardozo recognized the power of the State, in the absence of restrictions in its State Constitution, to tax property upon its value as a whole, or to segregate its various elements of value and impose a tax on each. The court was dealing with a "use" tax only as it was affected by the Commerce Clause of the Federal Constitution.

In Eliasberg Bros. Mercantile Co. v. Grimes, 204 Ala. 492, 86 So. 56, 11 A.L.R. 300, this court, dealing with an income tax statute, quite clearly held that under the uniformity provisions of our constitution taxes may not be imposed on the separate elements of value on which ad valorem taxes are reckoned, and so evade the uniformity provisions, and tax rate limitations of our Constitution.

■ We do not think in Alabama the Legislature may impose a tax, whether called an excise or not, upon the mere

use of property for the purposes of its ownership.

An ad valorem tax may not be levied on a man's house, and another tax levied for the privilege of living in it; nor an ad valorem tax levied on a man's mule, and another tax levied for the privilege of working the mule in making his crop.

In State v. City of Montgomery, 228 Ala. 93, 151 So. 856, this court recognized a distinct difference between an excise tax on the business of storing gasolene 'to be withdrawn and marketed mainly as a fuel for motor vehicles on the public highways, the proceeds being devoted to the construction and maintenance of highways, and a tax on the mere use and consumption of gasolene by the owner.

■ But a wide range of discretion is had by the Legislature in defining and classifying the objects of excise taxes. Any substantial and reasonable basis of classification is allowable. The rule is so well known, and illustrations so available in many cases, that citation of authority is useless.

In viewing the tax levied by Section 2 (d) as a tax on the mere use of property, appellant takes too narrow a view of the statute.

The tax is levied on precisely the same business activity, so far as the consumer is concerned, as if the property was purchased from a local retail dealer.

The consumer is the last person to whom property passes in the course of ownership. This is the test of a retail transaction. This tax·is at the same rate, measured by substantially the same standard, and paid by the same party that actually bears the tax burden in local retail sales.

■ The interstate commerce feature of such transactions being no obstacle to such tax, as we have shown, the entire transaction, buying at retail without the State, bringing into the State as consumer, and the broad purpose of rounding out a practical tax system, so as to prevent evasions, to operate fairly, and not discriminative against either foreign or local dealer, are all to be looked to in construing Section 2 (d).

The only substantial difference is that under Section 2 (d) the consumer pays the tax directly to the State, while in local retail transactions he pays through the retail dealer, and the license provisions of the act do not apply to consumers.

Merely because the foreign retailer is not subject to the jurisdiction of this State, does not prevent the State from exercising its taxing powers with regard to the Alabama customer.

■ We are of opinion the statute in question is not subject to any of the constitutional objections presented.

Affirmed.

All Justices concur.

## On Rehearing.

PER CURIAM.

Application for rehearing overruled.

All the Justices concur, except GARDNER and THOMAS, JJ., who dissent.

THOMAS, Justice (dissenting).

After what has been said, the provisions of the Act levying a privilege tax on the seller or on a business activity of the consumer, or so far as the consumer is concerned, the purchase being made without the state, under Section 2 (d) [Acts Special Session, 1936–37, p. 125], such business activity involved in the purchases without the state can hardly be said to have been done or had within the state.

Looking to the interstate transaction, involving the acquiring of the article without and bring the same within the state, the application for rehearing points with accuracy to discriminations that would result under the opinion. For example, the following discriminations:

If appellant purchased used motor vehicles in Alabama, such sale is exempt; if without the state, such vehicles were brought within the state, such used motor vehicles would then be subject to the two per cent tax. This is a discrimination against the out of state product.

For further example it is urged with force that if appellant manufactures its product outside of the state and brings it in for use in its own business, such manufactured products are taxable. And if a manufacturer within the state uses a portion of its manufactured or processed product in its own business, such products are not subject to the tax levied by Section 2 (a) because not sold. This would appear to be a discrimination against appellant and out-of-state products. State Tax Commission v. Burns, 236 Ala. 307, 182 So. 1.

366

A further illustration is as to appellant's purchases in carload lots. If the purchase is made from a factory in Alabama, the sale is not taxable as purchased from a manufacturer in carload quantities. On the other hand, if appellant purchases or manufactures a carload of articles outside of the state and brings them into the state in carload quantities, it is subject to a tax of two percent.

The foregoing will illustrate the discrimination and unconstitutionality that exists under the construction given by the majority.

The purchase under Section 2 (d) being made without the State, the business activity comprehended by purchase is not done within the State.

It will be observed from what has been said that notwithstanding the expressions contained in the majority opinion to the contrary, that the foregoing out of state transactions could be taxed a second time in such state where the same was actually purchased, and from whence it was brought to the State of Alabama.