8 So.2d 839

### LAYNE CENTRAL CO. v. CURRY, Commissioner of Revenue.

3 Div. 369.

Supreme Court of Alabama.

June 5, 1942.

Rehearing Denied June 30, 1942.

Pillans, Cowley & Gresham, of Mobile, and Ballard & Ballard, of Montgomery, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

FOSTER, Justice.

This is a bill in equity by appellant for a declaratory judgment in connection with the Use Tax Act of Alabama, and which is specifically provided for in the Code of 1940, Title 51, § 810. The transaction occurred before the effective date of the Code of 1940; but the Code is not materially different from the legislative act then in effect. We will therefore refer to the Code, for convenience, and not the act.

The question argued is whether certain items are within the exception from the operation of the tax, as set out in section 789(q) of the Code, supra.

The tax is levied under section 788, and it is described as an "excise tax" on the "storage, use or other consumption in this State of tangible personal property purchased at retail." We are not here immediately concerned with the definition of a retail sale as set out in section 787.

■■ It is observed that by section 789(a) this levy does not apply to property subject to sales tax under Article 10 of Title 51, Code of 1940. That means that it does not apply to sales of such property effected in Alabama. But the purpose is to create a system of taxation by having a use tax integrated with the sales tax bearing equally whether the transaction may involve interstate commerce or not. Such a tax has been held not to violate the commerce clause of the Federal Constitution. Henneford v. Silas Mason Co., 300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814; Southern Pac. Co. v. Gallagher, 306 U.S. 167, 59 S.Ct. 389, 83 L.Ed. 586.

But it is said that a tax on the use or consumption of an article is a tax on the article itself, and is an ad valorem tax, though it is denominated an excise tax. We first dealt with that question in State v. Montgomery, 228 Ala. 93, 151 So. 856. We held that an excise tax fixing the tax event as the storing of gasoline was not a tax on the sole element of its ownership, which was said to be an ad valorem tax on the property itself. Dawson v. Kentucky Dist., etc., Co., 255 U.S. 288, 41 S.Ct. 272, 65 L.Ed. 638.

When the Sales Tax Act was passed in Alabama February 23, 1937, section 2(d), Acts of 1936-37, page 127, levied a tax measured by the market value of property brought into this State on which the sales tax had not been paid. We considered that tax in National Linen Service Corp. v. State Tax Commission, 237 Ala. 360, 186 So. 478, 482. We said that "we do not think * * * the Legislature may impose a tax, whether called an excise or not, upon the mere use of property for the purposes of its ownership." But that in so viewing this tax, "appellant takes too narrow a view of the statute." That "this tax is at the same rate, measured by substantially the same standard, and paid by the same party that actually bears the tax burden in local retail sales." That "the consumer [under it] pays the tax directly to the State, while in local retail transactions he pays through the retail dealer."

The Use Tax Act was later passed, and took the place of section 2(d) of the Sales Tax Act of 1937, supra.

■ Section 2(d), supra, was more than an isolated act of the legislature. It was set in the revenue law, as was the Use Tax Act of 1939, supra, to make a system which would work uniformly and equitably on all

168

users and consumers of personal property in Alabama. It is said in Nelson v. Sears, Roebuck & Co., 312 U.S. 359, 61 S.Ct. 586, 588, 85 L.Ed. 888, 132 A.L.R. 475, in connection with this question: "The validity of such a tax, so far as the purchaser is concerned, 'has been withdrawn from the arena of debate.' [Citing the Silas Mason case, supra, and the Gallagher case, supra.] It is one of the well-known functions of the integrated use and sales tax to remove the buyers' temptation 'to place their orders in other states in the effort to escape payment of the tax on local sales.' * * * As pointed out in [the Silas Mason case, supra] the fact that the buyer employs agencies of interstate commerce in order to effectuate his purchase is not material, since the tax is 'upon the privilege of use after commerce is at an end.' "

■ This reasoning is as expressed in our case of National Linen Service Corp. v. State Tax Commission, supra. The entire trend of present day judicial thought is to hold that a use tax so set up is not violative of the limitations in our Constitution on ad valorem taxation. We need not enter into any other realm of discussion. All other considerations are laid aside for different situations as they may arise.

The next question is whether the exemption set out in section 789(q), supra, relieves the appellant from the burden of the use tax otherwise applicable in section 788, supra.

The facts necessary to a solution of this question are that the Hollingsworth and Whitney Company were erecting a paper mill near Mobile. They entered into a contract with appellant by which appellant agreed to erect, furnish and install pump houses, well connections and pipe-lines to convey the water necessary to the compounding, processing and manufacturing of pulp and paper, and to the operation of the machines used in such compounding, processing and manufacturing, from wells to the site of the mill, there to be used in manufacturing paper and pulp products, which pump houses, well connections and pipe-lines are necessary to the operation of the mill as aforesaid. The pump houses are structures to house the pumps. The pumps are not here involved. The facts are agreed.

Appellant is a foreign corporation. In performing the contract, it was bound to and did furnish all equipment, labor, material and machinery needed. There was much of the personal property used by appellant in performing the contract which was purchased outside the State of Alabama, and its use in Alabama came within the tax levied in section 788, supra, unless it was exempt under section 789(q), supra. That exemption, speaking in general terms, applies to machines used in manufacturing tangible personal property. The argument is made by appellant that the pump houses, well connections and pipe-lines to convey the water from the wells to the manufacturing operations, and there used in manufacturing Kraft paper, are machines or their attachments as contemplated in that exemption, and are therefore not subject to the use tax.

■ We do not set out here the nature of that argument, nor all the physical details thought to be pertinent to it, because, as we view the situation, this levy as made is not for the use of the pump houses, well connections and pipe-lines as completed structures (or machines, if you please to call them) used in the manufacturing process, but it is upon the contractor as the user of the raw material which entered into the construction of those structures before they came into use as such.

The Hollingsworth and Whitney Company is the user of the structures or appliances as completed. Appellant as the contractor has not used them as completed, and is not taxed as the user of them. If their use is exempt from taxation, then the question arises as to whether the use of the material in constructing them is exempt from the use tax because they as a finished product are exempt.

In the case of King & Boozer v. State, 241 Ala. 557, 3 So.2d 572, we had a question under the Sales Tax Act of whether that tax could be laid on a contractor, under a cost-plus a fixed fee contract with the United States Government. We thought that since the Government could not be burdened with such a tax, a contractor of that sort, passing his tax on to the Government as a separate distinct item, was entitled to the same immunity. We relied upon Panhandle Oil Co. v. State of Mississippi ex rel. Knox, 277 U.S. 218, 48 S.Ct. 451, 72 L.Ed. 857, 56 A.L.R. 583, and Graves v. Texas Co., 298 U.S. 393, 56 S.Ct. 818, 80 L.Ed. 1236. But the United States Supreme Court reversed this ruling, declaring those cases no longer were authority. 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed.

3. The court held that the tax was on the sale of material to the contractor, though it was bound to and did use it in building a structure for the Government, and though the amount of the tax was to be paid by the Government as a distinct item, and though the Government was immune from paying any such tax. We had previously held that the tax event is the sale to a contractor of material which is used in performing the contract, relating to a structure on real estate. He is the purchaser at a retail sale consuming the product by transferring it into another structure becoming real estate. Lone Star Cement Corp. v. State Tax Commission, 234 Ala. 465, 175 So. 399; Wood Preserving Corp. v. State Tax Commission, 235 Ala. 438, 179 So. 254.

But we thought that since it was for the Government, and immediately went into its ownership, its payment became a tax burden on the Government, and so it did. The United States Supreme Court said in substance, that such a situation is immaterial as respects the tax event. That the particular disposition of the property, even though transformed into a nontaxable product, does not help the purchaser; that his burden is fixed at the time of his purchase which is the taxable event, regardless of what particular use he may make of the property purchased, and becomes settled before its immunity comes into existence. His burden must not be confused with that of the owner of the finished product, though the latter must either directly or indirectly relieve him of it.

So here the tax event occurs while the material and even the finished product are still in the possession and control of appellant. He uses it and becomes subject to the use tax before the finished product is itself used in the manufacture of tangible personal property.

There is another theory on which this levy was within the statute. When ownership of the pump houses, well connections and pipe-lines as completed structures was acquired by Hollingsworth and Whitney Company it was not by virtue of a retail sale as defined in section 787, supra, of personal property whose use is taxable except as exempt under section 789 (q), but by virtue of a contract to add a structure to real estate. Hollingsworth and Whitney Company did not buy machines from appellant to be used by it in manufacturing tangible personal property,

exempt under section 789(q), supra; neither did appellant manufacture tangible personal property with that material as an operating machine. Section 789(q), supra. But the transaction under which the material constituting the ingredients of those appliances was acquired by appellant was a "sale at retail," as defined by the statute. For "sales of building materials to contractors * * * for * * * use in the form of real estate are retail sales in whatever quantity sold," Section 787(e) of the Code, supra; Lone Star Cement Corp. v. State Tax Commission, supra; Wood Preserving Corp. v. State Tax Commission, supra, and are not affected by section 789(q), supra. Such was this transaction.

So that in any aspect in which this situation may be viewed, we think the exemption of section 789(q) has no application. That is the only theory under that act which appellant contends relieves it of the use tax, assuming that the act does not violate our Constitution.

Affirmed.

GARDNER, C. J., and THOMAS, BROWN, and LIVINGSTON, JJ., concur.