37 So.2d 197

### STATE v. WILPUTTE COKE OVEN CORPORATION et al.

### 3 Div. 475.

Supreme Court of Alabama.

Oct. 14, 1948.

E. L. All, B. A. Monaghan, Lewis K. Cato and White, Bradley, Arant & All, all of Birmingham for appellees.

A. A. Carmichael, Atty. Gen., and H. Grady Tiller and Gardner F. Goodwyn, Jr., Asst. Attys. Gen., for the State.

FOSTER, Justice.

The question here is the application of the statute, Title 51, section 789(q) exempting from the use tax "machines used in * * * processing and manufacturing of tangible personal property." "Machines * * * include machinery which is used for * * * processing or manufacturing tangible personal property, and the parts of such machines, attachments and replacements therefor, which are made or manufactured for use on or in the operation of such machines and which are necessary to the operation of such machines and are customarily so used."

The taxpayer made a contract to sell to the owner, Defense Plant Corporation, a governmental corporation, all labor, material and services necessary for the construc-

tion of a coke oven plant at Gadsden, Alabama, and a subcontract with a prime contractor in similar terms for the construction of a coke oven plant at Childersburg, Alabama. An assessment was made by the State Department of Revenue under Title 51, section 788, which provides for an excise tax on the storage, use or other consumption in this State of tangible personal property. The exemption from such tax is provided for in section 789, Title 51. There is exempt from this tax property subject to the sales tax, Article 10, Title 51, which means that the use tax does not apply to property whose sale is effected in Alabama. There are many other exemptions there expressed as well as that set out in subsection (q) supra.

The taxpayer appealed from that assessment as authorized by law, section 797, Title 51, to the Circuit Court of Montgomery, sitting in Equity, section 140, Title 51, and on such appeal filed its complaint setting out the nature of its claim against said assessment. The State demurred to this complaint on the ground, as here argued, that it does not show that appellant taxpayer is entitled to the exemption provided for in section 789(q), Title 51, supra. The court overruled the demurrer, and the State is here appealing from that decree.

The complaint, in order to show justification for its claim to said exemption, alleged that in the course of its performance of its said contracts "appellant (the taxpayer) purchased from outside the State and shipped to the construction sites various items of machinery or machines used in processing and manufacturing tangible personal property or parts of such machines, attachments and replacements therefor which were made or manufactured for use on or in the operation of such machines and which are necessary to the operation of such machines and are customarily so used." Said machines or parts, attachments and replacements therefor are said to be listed on schedule C which forms a part of the record as made before the State Department of Revenue.

The State Department of Revenue on March 10, 1944, wrote the taxpayer a letter advising that it was their opinion that in performing the construction contract all the material bought that was for use, and used in fulfilling the construction contract for the plant constructed was subject to the use tax as interpreted by this Court in Layne Central Co. v. Curry, 243 Ala. 165, 8 So.2d 839. This letter is made an exhibit to the bill.

The insistence here made by the taxpayer and sustained by the trial court is that the property, the use of which was held subject to the tax under consideration, consists at least in part of machines used in compounding, processing and manufacturing tangible personal property, and is therefore exempt from the use tax under the terms of subsection (q), section 789, Title 51, supra.

Soon after making the contracts in question, and on June 16, 1942, the taxpayer conferred with the State Commissioner of Revenue, and the chief of Sales and Use Tax Division of the State Department with reference to the applicability of the exemptions in question. At that time the opinion in the Layne Central case, supra, had been announced by the Supreme Court, but was on application for rehearing, which was subsequently overruled. The opinion as first announced was adhered to. On the basis of the opinion in the Layne Central case, supra, there was a mutual understanding expressed in that conference as to certain broad principles applicable as follows:

Principle No. 2 was that the only basis for a claim of exemption by appellee would be that the item or material purchased constituted a machine or machinery, or necessary parts, attachments or replacements made for use thereon, actually used in processing or manufacturing tangible personal property.

Principle No. 3 was that any materials purchased which are in the nature of building materials will be taxable, regardless of the fact that the taxpayer will erect such materials into a structure or machine that will subsequently be used in processing or manufacturing tangible personal property. E.G.: Brick whether or not of special shapes or manufacture; steel; lumber; cement, etc.

Principle No. 4. Any items or materials purchased by the taxpayer which constitute a machine or machinery to be used for processing or the manufacture of tangible personal property will be exempt. E.G., coke pusher machine, side door machine; coal charging car; pumps; motors; compressors, and instruments and gauges. This exemption also includes piping and tanks which are part of the chain of processing operations. E.G., gas collector main; ammonia still; lime settling basin; flushing liquor piping. If tanks are purchased completely fabricated and require merely installation at the side, they will be tax exempt. If, however, merely steel plate is purchased and made into a tank at the site, the steel plate will be taxable as building material pursuant to item 3 above.

Principle No. 5. If the taxpayer purchases materials or equipment which might constitute a machine or machinery, and same is not used in the processing or manufacturing operations there will be no exemption. E.G., storage tanks and piping leading to and from such tanks; switch boards; sewers, gas and water; pipes and power lines bringing gas, water and electricity into the plant; pipe threading machines used for construction purposes.

The taxpayer admits that to the extent that it was using building material usable in other and various forms of structure, the contention of the State is supported by that case, and does not ask for such an exemption. But contends that it used machinery which had been fabricated, fashioned and designed for the peculiar purposes of the structures to be erected, and is an element of each such structure or machine. The argument leads to the result that it is largely a process of setting up a machine whose parts had been made or manufactured for use on or in the operation of such machine, which are necessary to its operation and customarily so used (to appropriate the words of the statute).

The points urged by the State, appellant here, for a reversal are that the bill does not allege that the socalled machine had been used for the processing and manufacturing of tangible personal property at the time of the occurrence of the taxable event; and further that this taxpayer is not exempt from payment of the use tax by section 789(q), supra, on the use of material bought by him out of the State and used by him in constructing or assembling the machine ready for production, regardless of the nature of such material; and that the exemption does not apply to building material, if it applies in any respect to such a contractor; and that the exemption is only applicable to the owner of the machine who is actually using it for such production.

The tax event is the storage, use or other consumption in this State of tangible personal property. The exemption here involved is of a machine used in the production of tangible personal property, having no relation to its ownership or who uses it. This taxpayer did not store, use or otherwise consume the completed machine, unless it may be said to be stored after completion and before delivery to the owner. But he did use the component parts of the machine in setting it up.

We think it is a sound principle that if the completed machine was of the type which had been used in the production of tangible personal property or was here so designed, and in good faith intended for, capable of such use, and so used in a reasonable time thereafter, the fact that there was an interval of time after its completion and before it was actually used in production which may be termed a storage under the statute, should not serve to deny the exemption. There is always a period, substantial or theoretical, between the completion of the assembly of a machine in place for use, and its actual use in production. A tax for such storage was not here made.

We also think that when a machine as set up is so designed and in good faith intended for and capable of such production, the assembly in this State of its fabricated parts purchased out of the State and used and useful only in forming the completed machine, according to the plan, is not the use, storage, or consumption of tangible personal property taxable under section 788, Title 51, supra, when the use of the completed machine is exempt from the tax. Otherwise the exemption would not be available unless the machine was complete-

ly assembled and set up ready for operation and purchased out of the State in that condition and transported to Alabama ready for use when and as it arrived.

We held in the Layne Central case, supra, that the construction out of building material of what might be termed a machine to be used and which was later used for the production of tangible personal property is not within the exemption to a contractor so doing under subsection (q), supra, although the use of the machine when completed may be exempt from the use tax chargeable to the owner. One who uses building material purchased out of the State for the construction of an appliance is doubtless chargeable with the use tax on such material, although the one using or storing the completed appliance is exempt from it. See, the King-Boozer case (State of Alabama v. King & Boozer), 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3. But we do not think that this principle applies to the purchase out of the State of the essential parts of a machine fabricated for that purpose when the purchaser uses them in the State in assembling a machine whose use is exempt, or that he should be taxable in the use of such parts in making the assembly of them. The statutes, supra, seem to make a distinction between building material and the parts of such machines. The fabricated parts separately could not manufacture tangible personal property. But when the essential parts of a machine are assembled into an appliance which is designed and able to do so, and is suitable for no other purpose, not only is the assembled machine so to be used, but each of its assembled parts previously made for that purpose is also to be used to manufacture tangible personal property. Such parts, declares the statute, include those made for use on or in the operation of the machine, necessary to its operation and customarily so used. But under the express terms of section 787(e) "building material" cannot be classed as an essential element of a completed machine whose use is exempt under section 789(q), supra. But a machine is such in theory if its essential parts are in the process of being put together, and set into position for operation.

In paragraph 6 of the complaint it is alleged in substance that the taxpayer purchased from outside the State and shipped to the construction sites "various items of machinery or machines used in processing and manufacturing tangible personal property, or parts of such machines, attachments and replacements therefor, which were made or manufactured for use on or in the operation of such machines and which are necessary to the operation of such machines and are customarily so used." That they are listed on a schedule which forms a part of the record before the State Department of Revenue, which is marked Schedule C, Record pages 86 to 129. This list embraces a large number of separate items whose quality as to whether they are building materials or parts of the alleged machine are not attempted to be alleged.

The prayer of the complaint as amended, so far as now material, is "that the entire assessment as to the performance of both contracts be set aside on the ground that the property involved constitutes 'machines used in compounding, processing and manufacturing of tangible personal property, etc.' within the definition of the statute; that this honorable court in its order will ascertain and determine the amount of the tax illegally collected in order that appellant may recover such amount from the State."

We think that the trial court properly refused to give controlling effect to the construction of the law agreed to by the taxpayer and commissioner of revenue as of June 16, 1942, but properly held that such construction was entitled to weight in the determination of the question which the court should make. We agree with the trial court that such construction was substantially the proper one to be made. There was no occasion for the trial court to separate the items on schedule C, supra, but treated them all apparently as forming a machine under the exemption of section 789(q), supra.

We do not wish at all to express a view with respect to the right of exemption as to any one or more items in schedule C, supra. But in the light of the broad allegations of the bill in respect to their proposed use, at least some, if not all, such items may be shown by the evidence to be proper matter for exemption on the prin-

ciples we have discussed, the demurrer was therefore properly overruled, so as to leave it to the taxpayer to prove the allegations in respect to as many such items as it can.

In the brief for the taxpayer, on pages 13 and 14, it is shown that its counsel do not insist that all the items are exempt, but that it computed and paid a substantial tax in making its original return on the principles agreed upon in the conference, to which we have referred, which excludes from the exemption materials which are in the nature of building materials. It is shown on page 34 of the brief for the taxpayer that such materials were held in the Layne Central case, supra, not to be exempt, and there is no contention now made that they should be here declared to be exempt.

In the light of the foregoing discussion, we think the decree of the trial court overruling the demurrer to the complaint as amended is free from reversible error.

Affirmed.

BROWN, LIVINGSTON, SIMPSON and STAKELY, JJ., concur.