55 So.2d 828

**STATE v. SOUTHERN SAW
SERVICE, Inc.**

**3 Div. 579.**

Supreme Court of Alabama.

April 26, 1951.

Rehearing Granted June 28, 1951.

Further Rehearing Denied Jan. 10, 1952.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for appellant.

Lawrence Dumas, Jr.. and Thompson, Dumas, O'Neal & Hayes, all of Birmingham, for appellee.

John W. Lapsley, Selma, amicus curiæ.

BROWN, Justice.

The state department of revenue after protest and oral hearing demanded, on September 16th, 1949, made final a use tax assessment under §§ 787–789, Tit. 51, Code of 1940, as amended, for the period January 1, 1946 to December 31, 1946, in the sum of $549.09, the tax, $86.47, interest from due date, total $635.56. From the final order of the department the taxpayer prosecuted an appeal to the Circuit Court of Montgomery County, in Equity, under § 140, Tit. 51, Code of 1940, and in pursuance of said appeal filed the bill in this case which alleges as follows.

"(a) Said assessment erroneously includes, in computing the amount of said tax, items exempted by Subsection (p) of Section 789 of Title 51 of the Code of Alabama of 1940, as amended, to-wit: Biro Meat Cutting Machines. The only tangible personal property purchased from the appellant during the period covered by the assessment, for storage, use or other consumption in the State of Alabama consisted of Biro Meat Cutting Machines. Said machines were used in this state in the processing of tangible property, towit: meat, and were specifically exempted by Subsection (p) of Section 789 of Title 51 of the Code of Alabama of 1940, as amended.

"(b) Except as alleged in Paragraph (a) above, said assessment was not based on the sales price of tangible personal property purchased for storage, use or other consumption in the State of Alabama, but was based entirely on the amounts received by appellant for services furnished the customers in no way connected with the purchase and sale of tangible personal property. With the exception of Biro Meat Cutting Machines, no other tangible property was purchased from the appellant within the period covered by the assessment for storage, use or other consumption in the State of Alabama. All other activities of the appellant consisted in the furnishing of services and not the sale of property.

"(c) Said assessment also erroneously included, in computing the amount of said tax, amounts received by the appellant for services furnished in connection with items specifically exempted by Subsection (p) of Section 789 of Title 51 of the Alabama Code of 1940, as amended, to-wit: the sharpening and servicing of band saws, hand saws, copper plates, and knives, the servicing of meat cutting machines and the furnishing of similar services to other machines, parts, attachments or replacements thereof, used in the processing of tangible personal property. The amount so included in computing the said tax comprised the entire basis for the computation of the tax with the exception of the

amounts referred to in Paragraph (a) above."

The state through the attorney general's department filed an answer joining issue on the quoted averments, alleging:

"Appellee denies the averments of paragraph 5 of the said bill, and for further answer avers that the sales upon which said tax was assessed by the appellee were sales of personal property for storage, use or other consumption in Alabama. Appellee further avers that said tax was imposed on a rental for a license to use equipment of the appellant.

"Appellee further avers that handsaws, copper plates, and knives are not machines, within the meaning of Title 51, Section 789(p), Code of Alabama 1940.

"Appellee further avers that in the present assessment, Biro Meat Cutting Machines are not used in processing tangible personal property, within the meaning of Title 51, Section 789(p), Code of Alabama 1940.

"Appellee further avers that the assessment included devices used in preparing meat for resale, and that such products are still raw material, to which the necessary art, science, and labor required to produce a manufactured product have not as yet been applied."

On submission upon pleadings and proof noted by the register, the testimony being taken *ore tenus*, the court entered a final decree adjudging said assessment incorrect in that it includes in the amount upon which the tax is based amounts received by Southern Saw Service, Inc. for sharpening bandsaws, bandsaw blades, choppers, chopper knives and plates and other parts of machines, attachments and replacements therefor, more particularly described in paragraphs 1 and 2 of the decree, as follows:

"1. During 1946, Southern Saw Service, Inc., sharpened and serviced bandsaws, bandsaw blades, choppers, chopper knives and plates and other parts of machines, attachments and replacements therefor, used by butchers, retail merchants, packing houses and others, in the State of Alabama in processing meat. Some of the machines were sold and title passed to the user but none of the blades, knives or plates were sold and title to them remained in Southern Saw Service, Inc.

"2. The aforesaid bandsaws and choppers are power driven machines having moving parts and are used to cut, dismember, grind, mix, change the form of and otherwise process meat and meat products. The aforesaid bandsaws, bandsaw blades, choppers, chopper plates and knives and other parts of machines, attachments and replacements therefor, are, therefore, machines used in processing tangible personal property or parts of such machines, attachments and replacements therefor, which were made or manufactured for use on or in the operation of such machines and which were necessary to the operation of such machines and were customarily so used, the storage use or consumption of which is, by Section 789, Title 51, Code of Alabama 1940, as amended, specifically exempted from the Use Tax.

"3. In 1946, Southern Saw Service, Inc., also sharpened the blades of handsaws used by butchers, retail merchants, packing houses and others in Alabama to cut and prepare meat for sale. Title to the handsaw frames and all blades furnished to the user remained in the Southern Saw Service, Inc.

"It is hereby found and determined that the entire consideration received by Southern Saw Service, Inc., in furnishing the handsaw blades was within the meaning of the Use Tax Act a rental or payment for a license to use said handsaw blades and, accordingly, constitutes the sales price of taxable personal property purchased for use in the State of Alabama within the provisions of the Alabama Use Tax Act. * * *"

The basis of this holding is that such service was exempt from taxation under the provisions of § 789(p), Tit. 51, Code of 1940, as amended, which is as follows:

"§ 789. The storage, use or other consumption in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this article: * * * (p) Machines used

in mining, quarrying, compounding, processing, and manufacturing of tangible personal property; provided that the term 'machines,' as herein used, shall include machinery which is used for mining, quarrying, compounding, processing or manufacturing tangible personal property, and the parts of such machines, attachments and replacements therefor, which are made or manufactured for use on or in the operation of such machines and which are necessary to the operation of such machines and are customarily so used."

From the last two lines of the decree above quoted it appears that the basis for holding such service non-taxable is that it was exempt by the terms of § 789 (p), Title 51, Code of 1940, set out above. In reaching the stated result the circuit court seems to have overlooked the undisputed fact that the taxpayer Southern Saw Service, Inc. was not and had not been engaged in the business of cutting, "processing", meat and preparing the same for market. If the assessment had been made against the butcher or such other user there might be some semblance of basis for the contention that said subsection (p) exempts from such taxation the activity in question.

The basis of levy made by the state department of revenue in the instant case is that in the conduct of its business the appellee used sharpened bandsaws, bandsaw blades, meat choppers, chopper knives, blades and other parts and attachments to replace dulled implements and furnished the same to butchers and meat dealers free of charge on a fixed charge for each article or lot for sharpening such implements.

The exemption provided by the statute is for the benefit of a taxpayer falling within the provisions of the statute and not for the benefit of a third person who is engaged in a different business. The statutes levying the sales tax (which is paid by the ultimate consumer) and the use tax, must be construed in *pari materia* as an integrated system of taxation levied on the privilege of engaging in business in this state. Layne Central Co. v. Curry, 243 Ala. 165, 168, 8 So.2d 839; Nelson v. Sears, Roebuck & Co., 312 U.S. 359, 61

S.Ct. 586, 85 L.Ed. 888, 132 A.L.R. 475; Pure Oil Co. v. State, 244 Ala. 258, 12 So. 2d 861, 148 A.L.R. 260; National Linen Service Corp. v. State Tax Commission, 237 Ala. 360, 186 So. 478; Curry v. United States, 62 S.Ct. 118, 314 U.S. 599, 86 L.Ed. 482; Paramount-Richards Theatres, Inc., v. State, 252 Ala. 54, 39 So. 2d 380.

The taxable event in the instant case is the use by the taxpayer of sharpened saw blades, cutters and knives produced in its shops in Atlanta, Georgia, and distributed to some 3000 users in this state. Also included in the levy was one or more Biro Machines, Model No. 33, manufactured by Biro Mfg. Co. at Marblehead, Ohio, and sold to the butchers and meat cutters in this state by the taxpayer on which no tax seems to have been paid and therefore the tax was assessable against the taxpayer for failure to collect the sales tax. The basis of the levy against the taxpayer, Southern Saw Service Inc., is the fixed charge for the use by its customers of such sharpened implements loaned and delivered by it to its customers in Alabama.

We are, therefore, of opinion that the circuit court erred in vacating the part of the assessment mentioned and that the levy made by the state department of revenue is due to be affirmed. The decree of the circuit court is reversed insofar as it sustains the right of appellee to claim the exemption provided in the decree and that part of the assessment as made by the department of revenue will be restored and as so made is confirmed.

Affirmed in part and in part reversed and rendered.

All the Justices concur.

On Rehearing

LIVINGSTON, Chief Justice.

On original deliverance in this case we held that appellee was the taxpayer under the circumstance presented by the record, and that the measure of the tax was the rentals received by it from its customers in the state of Alabama.

On rehearing the majority of the court have receded from that holding as to the measure of the tax. All of the Justices agree that appellee is the consumer and therefore the taxpayer. But the majority of the court now hold that the tax must be based on the retail sales price of the tangible personal property purchased outside of Alabama, for use by the taxpayer in Alabama. Section 787, Title 51, Code of 1940. See Paramount-Richards Theatres, Inc., v. State of Alabama, Ala., 55 So.2d 812.

The application for rehearing is granted and the opinion is therefore corrected to the extent indicated. The judgment is reversed and the cause remanded.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.

BROWN, J., dissents.

## On Rehearing

BROWN, Justice (dissenting).

On the original consideration of this case the court held that the statute levied a use tax on property acquired by the taxpayer for use in the business in which the taxpayer is engaged, affirming the judgment of the lower court which approved the assessment on the basis of its finding of fact and conclusions of law as follows: "It is hereby found and determined that the entire consideration received by Southern Saw Service, Inc., in furnishing the handsaw blades was within the meaning of the Use Tax Act a rental or payment for a license to use said handsaw blades and, accordingly, constitutes the sales price of taxable personal property purchased for use in the State of Alabama within the provisions of the Alabama Use Tax Act."

On rehearing the majority of the Justices concurring, it is held that this finding of fact and conclusion of law is erroneous in that the use tax does not apply to property which the taxpayer uses in the conduct of its business in Alabama and for which it leases to the customer for a stated amount for delivering to the tax-payer's customers sharpened saws and other instruments vesting in the customer a license to use, possess and store the saws and other instruments so delivered, and, therefore, that the finding of fact and conclusion of law by the trial court is erroneous. That the use tax does not apply in such circumstances. The effect of such holding on rehearing is that the reasonable market price of the property as fixed by the judgment of the circuit court is not authorized by the provisions of Section 787, subsection (i), Title 51, Code of 1940, which provides: "The term 'purchase' means acquired for a consideration, whether such acquisition was effected by a transfer of title, or of possession, or of both, or a license to use or consume; whether such transfer shall have been absolute or conditional, and by whatsoever means the same shall have been effected; and whether such consideration be a price or rental in money, or by way of exchange or barter."

From this holding of the majority, I respectfully dissent.

There is no division of opinion in respect to the holding in the original opinion that the alleged taxpayer is not entitled to the exemptions provided in §§ 787, 788, 789(p), Title 51, Code of 1940, quoted in the original opinion, and the conclusion and holding in the original opinion supports the levy of the tax and this holding is supported by the following cases: National Linen Service Corp. v. State Tax Commission, 237 Ala. 360, 186 So. 478; Paramount-Richards Theatres, Inc., v. State, 252 Ala. 54, 39 So. 2d 380. And the fact that the alleged taxpayer is engaged in business in Alabama is supported by the holding in Boyd v. Warren Paint & Color Co., 254 Ala. 687, 49 So. 2d 559.

I, therefore, am of opinion that the application for rehearing was erroneously granted by the majority in this case and that said application should be overruled and the levy should stand affirmed. The majority opinion in effect ignores and reads out of the statute and emasculates subsection (i), Section 787, Tit. 51, Code of 1940, defining the word "purchase" within the meaning of the integrated taxing laws.