158 So.2d 906

**STATE of Alabama**

v.

**HANNA STEEL CORPORATION.**

**6 Div. 969.**

Supreme Court of Alabama.

Dec. 12, 1963.

Richmond M. Flowers, Atty. Gen., and Herbert I. Burson, Jr., Asst. Atty. Gen., for appellant.

Jas. M. Fullan, Jr., Birmingham, for appellee.

MERRILL, Justice.

The question presented in this case is whether a piece of machinery called a slitting line, used in steel manufacturing, was subject to the use tax, Tit. 51, §§ 788 and 789, 1940 Code, as amended. The case began as an appeal from a final assessment for use taxes under Tit. 51, § 140, Code 1940.

Prior to October 1, 1959, such machinery was exempt from the use tax. The Legislature repealed the exemption and levied a tax by Act No. 99, Acts of Alabama 1959, p. 295, approved August 18, 1959. The effective date of the act was October 1, 1959.

Between the date of approval and the effective date, appellee negotiated with Wean Equipment Company of Cleveland, Ohio, for the purchase of this machine for a total price of $72,000. A down payment of $18,-000 was made in August, 1959, but the machine was not actually delivered in Birmingham until January, 1960. The State contended in the circuit court, as here, that the taxable event is the bringing of the property into Alabama for use, storage or consumption, and secondly, that the sale was not consummated prior to October 1, 1959, but that the contract of sale was merely executory.

The pertinent part of the statute, Tit. 51, § 788(b), as amended, reads:

"An excise tax is hereby imposed on the storage, use or other consumption in this state of any machines used in mining, quarrying, compounding, processing and manufacturing of tangible personal property, purchased at retail on or after October 1, 1959, at the rate of one and one-half percent of the sales price of any such machine; * * *" which is used, as this one was, in manufacturing. .

The trial court held that the machine was in existence prior to October 1, 1959, was inspected by appellee and the agreement to buy and sell for $72,000 was completed prior to that date; that delivery was deferred to accommodate a situation in which appellee was moving its plant location and that the machine was purchased at retail on or before October 1, 1959.

Appellant insists that the date, October 1, 1959, is not important or decisive. We cannot agree. Prior to that date, the machine was exempt from taxation under the statute; on or after that date, the machine was subject to the tax. It is plain that the date is important because the tax is due or not due depending upon whether the machine was purchased before or after that date.

■ We have said that the Sales Tax Act and the Use Tax Act are complementary, one to the other, and that they must be construed in pari materia, giving to each its separate field of operation. Paramount-Richards Theatres v. State, 256 Ala. 515, 55 So.2d 812; State v. Bay Towing & Dredging Co., 265 Ala. 282, 90 So.2d 743. In the latter case, we upheld the contention and test that unless the property would be subject to the sales tax, had the sale occurred within this State, then the use tax cannot apply when the sale occurs without the State; and since the property there involved (barges) would not have been subject to the sales tax had the sale taken place here, it was not subject to the use tax.

Here, if the slitting line machine had been sold to appellee in Alabama prior to October 1, 1959, there would have been no sales tax because the machine was exempt; and since this sale was made outside the State before that date, it was exempt from the use tax.

■ Furthermore, Tit. 57, § 24, Code 1940, provides:

"(1) Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such times as the parties to the contract intend it to be transferred.

"(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case."

The intention of the parties determines when a contract to sell is executed and the intention of the parties is a question of fact rather than one of law. American Automobile Ins. Co. v. English, 266 Ala. 80, 94 So.2d 397.

The use tax statute, Tit. 51, § 787(i), defines purchase as follows:

"The term 'purchase' means acquired for a consideration, whether such acquisition was effected by a transfer of title, or of possession, or of both, or a license to use or consume; whether such transfer shall have been absolute or conditional, and by whatsoever means the same shall have been effected; and whether such consideration be a price or rental in money, or by way of exchange or barter."

■ Ordinarily, the levy of the use tax attaches after the act of transportation ends and the property comes to rest in this State for use or consumption. Paramount-Richards Theatres v. State, 256 Ala. 515, 55 So. 2d 812; same case, 252 Ala. 54, 39 So.2d 380. But that general rule is subject to the rule that the time at which title to property passes to the buyer has always depended upon the intention of the parties. State

v. Pan-Am Southern Corporation, 265 Ala. 51, 89 So.2d 747.

Some of the facts showing the intention of the parties are: an official of appellee went to the Wean plant in August, looked at the machine, which with all appliances, was in being at that time, the purchase order stating all terms was dated August 31, appellee's check for $18,000 bore the same date and was paid by the bank on September 8, the order was not subject to cancellation without Wean's consent and full indemnity for the expense involved, delivery was F.O.B. the Wean plant in Cleveland, and the delivery was delayed at appellee's request.

We think the evidence supports the finding of fact by the trial court that "the machinery was purchased at retail prior to October 1, 1959" and that the machine was not subject to the use tax.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.