220 So.2d 257

**Phillip HAMM, Commissioner**

**v.**

**BOEING COMPANY.**

**3 Div. 347.**

Supreme Court of Alabama.

Feb. 20, 1969.

MacDonald Gallion, Atty. Gen., Willard Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Martin, Balch, Bingham, Hawthorne & Williams, and Wm. J. Ward, Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal from a decree rendered in a suit for refund of use taxes paid under protest by Boeing.

For all purposes here pertinent, the facts in this case are identical with the facts in eighteen sales tax cases consolidated and decided by this court on October 3, 1968, under the style of Phillip Hamm, as Commissioner of Revenue of the State of Alabama v. Boeing Company, 3 Div. 309 through 326, reported at 216 So.2d 288. The only difference is that this case involves a use tax on tangible personal property acquired from sources outside the State of Alabama, whereas the eighteen cases considered in Hamm v. Boeing, supra, involved a sales tax imposed on purchases of tangible personal property made within the state.

This court has repeatedly held that the sales tax statute and the use tax statute are complementary and are con-

**654**

strued in pari materia. The sales tax applies to retail sales within the state and the use tax applies to sales (or purchases) made outside the state and thereafter brought into the state for use by the purchaser. Paramount-Richards Theatres v. State, 256 Ala. 515, 55 So.2d 812; Layne Central Co. v. Curry, 243 Ala. 165, 8 So.2d 839; State v. Southern Saw Service, 256 Ala. 546, 55 So.2d 828; State v. Hanna Steel Corp., 276 Ala. 50, 158 So.2d 906; State v. Twin Seam Mining Co., 274 Ala. 3, 145 So.2d 177; State v. Natco Corp., 265 Ala. 184, 90 So. 2d 385.

■ The holding in Hamm v. Boeing, supra, was that Boeing was not entitled to a defense of governmental immunity and was liable for the sales tax on purchases of tangible personal property made within the State of Alabama. It follows then, that it is not entitled to that defense in this use tax case. The decision in Hamm v. Boeing, supra, is controlling here.

Reversed and rendered.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.