WRIGHT, Presiding Judge.
The State appeals from an order of the Montgomery County Circuit Court holding void a $1,660.12 assessment against taxpayer for use tax. Affirmed.
The State contends taxpayer owes use tax on an airplane purchased for $95,000.00 in Montgomery, in 1969. Taxpayer posted a notice at the Montgomery airport that he desired to purchase a plane. He was subsequently contacted by a representative of Jack Adams Aircraft Sales, Inc., of Walls, Mississippi. A plane was later brought to Montgomery for taxpayer’s viewing. After discussion and bargaining, an agreement for purchase was reached. The purchase was completed and delivery accepted in Montgomery.
Several days later taxpayer received documents from the seller designating the transaction as an interstate sale. Taxpayer refused to sign these documents. His position at trial and on appeal is that the sale was made in Montgomery — an intrastate sale, and was subject to sales tax rather than use tax.
Simply stated the State’s position is that it was entitled to collect use tax on the airplane. If the seller had been a use tax collector, the tax would have been collected from the seller. As the seller was not a use tax collector, the State chose to collect the use tax from taxpayer.
The seller, though selling aircraft through representatives coming into this state from Mississippi, did not maintain a place of business in Alabama, nor was it a retailer authorized by the Department of Revenue to collect use tax under Title 51, Section 788 of the Code of Alabama (1940). Most of the seller’s business dealings in Alabama were wholesale sales to Alabama retailers. However, there were exhibits tending to show that in years prior to the instant sale Adams had made retail sales in Alabama to users and consumers. Assessments for use tax as a collector had been made against Adams by the Department of Revenue, but such tax was never collected.
The State assessed use tax against the taxpayer under the provisions of Title 51, Section 788(c) which provides the following:
“An excise tax is hereby imposed on the storage, use or other consumption in this state of any automotive vehicle . . purchased at retail . . . for storage, use or other consumption in this state at the rate of one and one-half percent of the sales price .
“Every person storing, using or other-vlise consuming in this state tangible personal property purchased at retail shall be liable for the tax imposed by this article, and the liability shall not be ex *820 tinguished until the tax has been paid to this state; provided, however, that a receipt from a retailer maintaining a place of business in this state or a retailer authorized by the department, under such rules and regulations as it may prescribe, to collect the tax imposed hereby and who shall for the purpose of this article be regarded as a retailer maintaining a place of business in this state, given to the purchaser in accordance with the provisions of section 791 of this title, shall be sufficient to relieve the purchaser from further liability for tax to which such receipt may refer.”
Though on the face of the transaction and under the statute it would appear that taxpayer is liable for the tax upon the use and consumption of the airplane purchased, such is not the case. Why so ? Because the section following, Section 789, provides:
“The storage, use or other consumption in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this article: (a) Property, the gross proceeds of sales of which are required to be included in the measure of the tax imposed by the provisions of article 10 of this chapter.”
The Supreme Court of Alabama in the case of Layne Central Co. v. Curry, 243 Ala. 165, 8 So.2d 839, said that the above provision of Section 789 means that the use tax does not apply to sales effected within the State of Alabama, but only to sales effected in interstate commerce. That statement was repeated and reinforced by further amplifications by the court in the decision of Paramount-Richards Theatres v. State, 256 Ala. 515, 55 So.2d 812. In that decision the court said:
“Alabama is one of the states which has adopted two separate acts for the purpose of imposing a tax upon, or with respect to, or measured by, the retail sale of tangible personal property. .
“The Sales Tax Act applies to retail sales within the state. The Use Tax Act is designed to apply only to sales (or purchases) made in interstate commerce, or sales (or purchases) made outside of the state of goods thereafter brought into the state for use by the purchaser.”
Though Adams Aircraft is a Mississippi Corporation, does not maintain a place of business in Alabama and is not licensed under the provisions of the Sales Tax Act, it nevertheless, at least on the occasion of this transaction, engaged in the business of selling an airplane in this state at retail to a resident of the state. By doing so it fell squarely within the terms of the Sales Tax Act and specifically, Section 753 of Title 51. The sale of property at retail within the state of Alabama being subject to sales tax, its use or consumption is exempt from the provisions of the Use Tax Act. Section 789(a), Title 51, Code. It was stipulated in the trial court that the negotiation of sale was begun and concluded in Alabama. The price was paid and delivery made in Alabama. The sale was made directly for the use or consumption of the purchaser. It was a retail sale subject to sales tax upon the gross sales price. Construing the Sales Tax Act in para materia with the Use Tax Act, the sale was subject to sales tax. The use or consumption of the property was exempt from use tax.
The judgment of the trial court was correct and we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.