This is a workmen's compensation case.
The appellant, Mills, filed suit against the Ozark City Board of Education (the Board) for injuries received while employed by the Board. The complaint sought compensation under the Workmen's Compensation Act and in the alternative damages for negligence. The Board filed a motion to dismiss for failure to state a claim upon which relief can be granted. The trial court, after a hearing on the motion, found that the Board was immune from suit in tort and that the Workmen's Compensation Act does not apply to the Board and granted the motion to dismiss. The appellant appeals from that order. We affirm.
The only issue presented is whether the trial court was correct in finding that the Workmen's Compensation Act does not apply to the Board. Appellant does not raise, and we do not consider the issue of whether the trial court was correct in finding that the Board is immune from suit in tort.
The trial court found that the Board comes within the exemption to the Workmen's Compensation Act found in § 25-5-50, Code of Alabama (1975). Section 25-5-50 states, in pertinent part:
 "This article and article 2 of this chapter shall not be construed or held to apply . . . to any municipality having a population of less than 2,000 according to the most recent federal decennial census or any school district." (Emphasis added.) *Page 748 
The appellant argues that the term "school district" as used in the statute does not include the Ozark City Board of Education. We do not agree. The fundamental rule of courts in constructing acts of the legislature is to ascertain and give effect to the intent of the legislature. Locke v. Wheat,350 So.2d 451 (Ala. 1977). If possible, legislative intent must be gathered from the language of the legislature itself in enacting the statute; only if the language of the statute is ambiguous may the courts resort to consideration of other factors. Morgan County Board of Education v. Alabama PublicSchool and College Authority, 362 So.2d 850 (Ala. 1978).
Although the construction of the term "school district" in §25-5-50 is a case of first impression in Alabama, it is clear that the intent of the legislature in enacting § 25-5-50 was to exempt specific employers-employees from the operation of the Act. It is equally clear from the context of the statute that the employer which the legislature intended to exempt by its use of the term "school district" is the agency empowered by statute to administer primary-secondary education in a defined area. We find the term "school district" to be synonymous with "school system," a more common designation. The agencies empowered by statute to administer the public schools of Alabama are county and city boards of education. § 16-8-8, Code of Alabama (1975). The term "school district" has a geographical connotation in respect to the limits of the jurisdiction of those administrative bodies.
The trial court was correct in finding that the schools under the administrative control of the Board of Education of the City of Ozark comprise a "school district" within the meaning of § 25-5-50 and are therefore not subject to the Workmen's Compensation Law. The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.