ROBERTSON, Judge.
This case involves an interpretation of Act 85-796, Teacher Pay Raise Act, and was transferred to this court by the supreme court; therefore, we now exercise jurisdiction. Branch v. Greene County Board of Education, 533 So.2d 248 (Ala.Civ.App.1988).
Appellants are Alabama public school teachers who filed this action for declaratory and injunctive relief challenging the State Superintendent of Education’s and the State Board of Education’s interpretation and application of the Act as to the entitlement to the additional ten percent pay raise. The trial court, after a comprehensive stipulation of facts and testimony of two witnesses, entered judgment in favor of the Superintendent and Board (ap-pellees). This appeal follows.
The Act provides for a five percent salary increase to all public school teachers, and an additional ten percent increase “to all teachers who have at any time achieved tenure in any public school system or who have five years of teaching experience in any public school system.” (Emphasis added).
The appellees’ interpretation of the Act is that if a teacher does not meet the criteria prior to the beginning of the school year, the additional salary increase is lost, and that even if a teacher attained tenure or completed five years of teaching one day after the beginning of the school year, he/she would not be entitled to the increase. Appellants argue that this was not the intent of the legislature and that the date of tenure, or completion of five years of teaching, should be the date of entitlement to the additional ten percent salary increase.
The single issue presented for our consideration is whether the teachers must have acquired tenure, or five years’ experience, prior to or at the beginning of the school year in order to receive the additional ten percent salary increase provided for by the Act.
While the Act is referred to as the “Teacher Pay Raise Act", it also provides salary supplements for certain educational employees and pay increases for certain full-time and part-time employees. To understand the legislative intent of the issue before us, those portions of the Act relating to the additional teacher salary increase must be read and considered separately from the remainder of the Act because certain provisions relate to employees but have no application to teachers. To quote and discuss the entire Act would confuse more than clarify the issue.
“Section 1. ... It is the intent of the Legislature ... to provide an additional 10 percent increase ... to all teachers who have at any time achieved tenure in any public school system or who have five years of teaching experience in any public school system.” (Emphasis added).
*255 This part of the Act shows the legislative intent “to provide” the additional salary increase to teachers who “at any time” become entitled.
Section Two of the Act directs the state budget officer to allocate the funds necessary on the following criteria:
“(c) An additional 10 percent increase on the state salary ... to all teachers ... who have ever achieved tenure (in-state or out-of-state) or who have five years of teaching experience in any public school system or systems (in-state or out-of-state).”
This part of the Act, while directory, in nature, defines the criteria for entitlement to the additional increase.
Section Two again restates the legislative intent regarding the additional salary as follows:
“(g) [I]t is the intent of the Legislature that an additional 10 percent salary increase shall be granted to all public school teachers who have ever gained tenure (in-state or out-of-state) or who have taught for at least five years (instate or out-of-state).” (Emphasis added).
The legislature has now “provided”, “allocated”, and “granted”, an additional ten percent salary increase to public school teachers who “at any time” achieved tenure or completed five years of teaching. A judgmental rule of the courts in construing acts of the legislature is to ascertain and give effect to the intent of the legislature, and if possible the legislative intent must be gathered from the language the legislature used in enacting the statute; and only if the language is ambiguous may the courts resort to the consideration of other factors. Mills v. Ozark City Board of Education, 376 So.2d 747 (Ala.Civ.App.1979).
It has long been an established rule of law that tenure status, pursuant to § 16-24-2, Ala.Code 1975, is attained by a teacher upon the contract date of employment whether it be at the beginning of the school year or during the school year. Dickey v. McClammy, 452 So.2d 1315 (Ala.1984).
It is noted that there is no uniform date for the beginning of the school year since these dates vary from system to system, and that many school systems hire teachers after the beginning of the school year once the specific needs are known for any given subject. However, under the appellees’ interpretation of the Act, these teachers would be denied the pay increase for an entire school year even though they acquire tenure or five years experience within a few days after school starts. In deciding the issue before us, this court is entitled to assume that the legislature intended a result that is both workable and fair. Ex Parte Hayes, 405 So.2d 366, 370 (Ala.1981). Considering that the legislature gave the teachers credit for out-of-state teaching time, appellees’ interpretation would appear unworkable because school years vary from state to state.
It is the opinion of this court that the legislature intended for any public school teacher to receive the additional ten percent salary increase upon the attainment of either tenure or five years’ experience without regard to the first day of school or any other specific date. Had the legislature intended otherwise, it could simply have placed “that date” in the Act instead of the words “at any time.”
We find that the appellants are entitled to the relief sought and that the trial court erred in denying that relief. Therefore, we reverse and remand with directions to the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.