ADAMS, Justice.
We granted the appellant’s petition for writ of certiorari in order to address questions regarding the date on which certain teachers are entitled to a 10% pay raise approved for Alabama public school teachers pursuant to Act 85-796, Ala.Acts 1985, (the Teacher Pay Raise Act). The Court of Civil Appeals, 565 So.2d 253, set forth the facts and its holding as follows:
“Appellants are Alabama public school teachers who filed this action for declaratory and injunctive relief challenging the State Superintendent of Education's and the State Board of Education’s interpretation and application of the Act as to the entitlement to the additional ten percent pay raise. The trial court, after a comprehensive stipulation of facts and testimony of two witnesses, entered judgment in favor of the Superintendent and Board (appellees). This appeal follows.
“The Act provides for a five percent salary increase to all public school teachers, and an additional ten percent increase ‘to all teachers who have at any time achieved tenure in any public school system or who have five years of teaching experience in any public school system.’ (Emphasis added [by the Court of Civil Appeals],)
“The appellees’ interpretation of the Act is that if a teacher does not meet the criteria prior to the beginning of the school year, the additional salary increase is lost, and that even if a teacher attained tenure or completed five years of teaching one day after the beginning of the school year, he/she would not be *257 entitled to the increase. Appellants argue that this was not the intent of the legislature and that the date of tenure, or completion of five years of teaching, should be the date of entitlement to the additional ten percent salary increase.
“The single issue presented for our consideration is whether the teachers must have acquired tenure, or five years’ experience, prior to or at the beginning of the school year in order to receive the additional ten percent salary increase provided for by the Act.
“While the Act is referred to as the ‘Teacher Pay Raise Act,’ it also provides salary supplements for certain educational employees and pay increases for certain full-time and part-time employees. To understand the legislative intent of the issue before us, those portions of the Act relating to the additional teacher salary increase must be read and considered separately from the remainder of the Act because certain provisions relate to employees but have no application to teachers. To quote and discuss the entire Act would confuse more than clarify the issue.
“ ‘Section 1. ... It is the intent of the Legislature ... to provide an additional 10 percent increase ... to all teachers who have at any time achieved tenure in any public school system or who have five years of teaching experience in any public school system.’ (Emphasis added [by the Court of Civil Appeals]).
“This part of the Act shows the legislative intent ‘to provide’ the additional salary increase to teachers who ‘at any time’ become entitled.
“Section Two of the Act directs the state budget officer to allocate the funds necessary on the following criteria:
“ ‘(c) An additional 10 percent increase on the state salary ... to all teachers ... who have ever achieved tenure (in-state or out-of-state) or who have five years of teaching experience in any public school system or systems (in-state or out-of-state).’
“This part of the Act, while directory in nature, defines the criteria for entitlement to the additional increase.
“Section Two again restates the legislative intent regarding the additional salary as follows:
“ ‘(g) [I]t is the intent of the Legislature that an additional 10 percent salary increase shall be granted to all public school teachers who have ever gained tenure (in-state or out-of-state) or who have taught for at least five years (in-state or out-of-state).’ (Emphasis added.)
“The legislature has now ‘provided,’ ‘allocated,’ and ‘granted,’ an additional ten percent salary increase to public school teachers who ‘at any time’ achieved tenure or completed five years of teaching. A judgmental rule of the courts in construing acts of the legislature is to ascertain and give effect to the intent of the legislature, and if possible the legislative intent must be gathered from the language the legislature used in enacting the statute; and only if the language is ambiguous may the courts resort to the consideration of other factors. Mills v. Ozark City Board of Education, 376 So.2d 747 (Ala.Civ.App.1979).
“It has long been an established rule of law that tenure status, pursuant to § 16-24-2, Ala.Code 1975, is attained by a teacher upon the contract date of employment whether it be at the beginning of the school year or during the school year. Dickey v. McClammy, 452 So.2d 1315 (Ala.1984).
“It is noted that there is no uniform date for the beginning of the school year since these dates vary from system to system, and that many school systems hire teachers after the beginning of the school year once the specific needs are known for any given subject. However, under the appellees’ interpretation of the Act, these teachers would be denied the pay increase for an entire school year even though they acquire tenure or five years’ experience within a few days after school starts. In deciding the issue before us, this court is entitled to assume *258 that the legislature intended a result that is both workable and fair. Ex Parte Hayes, 405 So.2d 366, 370 (Ala.1981). Considering that the legislature gave the teachers credit for out-of-state teaching time, appellees’ interpretation would appear unworkable because school years vary from state to state.
“It is the opinion of this court that the legislature intended for any public school teacher to receive the additional ten percent salary increase upon the attainment of either tenure or five years’ experience without regard to the first day of school or any other specific date. Had the legislature intended otherwise, it could simply have placed ‘that date’ in the Act instead of the words ‘at any time.’ ”
The facts giving rise to this case revolve around the interpretation of the Act by Dr. Wayne Teague, state superintendent of education, in a memorandum stating that teachers, in order to receive the 10% salary increase, must have obtained tenure or completed five years of teaching prior to the beginning of the school year. If, for example, a teacher does not accrue five years of teaching experience or become tenured prior to the beginning of the school year but would meet one of these criteria later in the year, then, pursuant to Dr. Teague’s interpretation of the Act, the pay raise for that teacher would not become effective until the beginning of the following school year.[1] This would be true whether the teacher met the criteria one day after the beginning of the school year or on the last day of the school year. The State Board of Education, contending that Dr. Teague’s interpretation of the Act is correct, cites the reasoning of the trial court in support of its argument:
“While the posture of the legislative enactments provides little help toward resolving the conflicting interpretations of the plaintiffs and the defendants, Act No. 85-796, does state that raises are ‘for the scholastic year 1985-86.’ The Act provides that all teachers ‘who have at any time achieved tenure’ or ‘who have five years’ experience’ shall receive the raises for the 1985-86 school year. The Act does not say that a teacher shall receive the raise if the teacher becomes eligible during the course of the scholastic year. Dr. Teague explained to this Court that the State Department at all times has interpreted the legislative enactments as providing for teachers to receive the appropriate pay raises at the beginning of the 1985-86 school year and at the beginning of each school year thereafter. He testified that salary increases have always been made applicable to the commencement of a school year. This is part of the career ladder procedure as well as constituting sound fiscal policy. Dr. Teague testified that it is impractical to try to budget for and calculate teachers’ salaries which could change by virtue of raises throughout a given school year.”
While we can understand that it may be more difficult to budget for a teacher’s salary that may change during the school year, we are of the opinion that, in each system, the number of teachers who would have acquired tenure or obtained five years of experience at some point during a school term would not be so unmanageable as to outweigh the unfairness of Dr. Teague’s interpretation of the Act.
“The cardinal rule for construction of a statute is to ascertain the legislative intent, which must be determined by examining the statute as a whole in light of its general purpose.”
Gulf Coast Media v. Mobile Press Register, Inc., 470 So.2d 1211, 1213 (Ala.1985). One of the purposes of the Teacher Pay Raise Act was to provide teachers who had attained a certain amount of experience, evidenced either by becoming tenured or by working for a specified number of years, with an additional pay raise not afforded to other teachers in the state. To postpone payment of the raise to a teacher who met one of the criteria for the raise during the school year (as opposed to a teacher who *259 met one of the criteria prior to the beginning of the school year), in our opinion, penalizes that teacher for the period of time between the time that teacher became eligible for the raise and the time that teacher received it. This thwarts the purpose of the Act and results in an injustice to those teachers adversely affected by Dr. Teague’s interpretation of the Act.
“A fundamental rule of statutory construction is, ‘If a statute is susceptible of two constructions, one of which is workable and fair and the other unworkable and unjust the court will assume that the legislature intended that which is workable and fair.’ State v. Calmut & Hecla Consolidated Copper Co., 259 Ala. 225, 233-34, 66 So.2d 726, 731 (1953).”
Ex parte Hayes, 405 So.2d 366, 370 (Ala.1981). In affirming the judgment of the Court of Civil Appeals, we hold that any other interpretation of the Teacher Pay Raise Act would be inequitable. Many school systems hire at least some teachers after the beginning of the school year and, we note, this late hiring occurs through no fault of the teachers but because the school systems are unsure of their needs until after the students begin attending classes. At that time, it becomes easier to determine exactly the number of teachers needed for a particular subject.
If a teacher is to receive a pay raise and that raise is based on the number of years for which the teacher has been employed or on the fact that the teacher has become tenured, then the raise should become effective on the date on which the teacher had been employed for the requisite number of years or has achieved tenure, as the case may be; otherwise, more is required of a teacher who, through no fault of his or her own, meets the necessary criteria during the school year than of a teacher who happens to meet one of the criteria at the beginning of the school year. Such a result, we conclude, would be unjust. We cannot assume that the legislature intended an unjust result.
For the foregoing reasons, we agree with the reasoning of the Court of Civil Appeals. Therefore, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. The Act specifically refers to the 1985-86 school year; however, raises were budgeted for the following two years. Beginning with the 1988-89 school year, pay raises were allocated pursuant to Act No. 89-691.