ROBERTSON, Judge.
This ease involves an interpretation of Act 85-796, known as the Teacher Pay Raise Act.
The appellees, four Mobile County school teachers, filed a complaint in Mobile District Court, alleging that they were entitled to a past due 10% pay raise pursuant to the authority of the Teacher Pay Raise Act. In district court, judgment was entered in favor of the Board of School Commissioners of Mobile County (the Board). The teachers then appealed the district court judgment to circuit court, where a non-jury hearing was conducted, and judgment was subsequently entered in favor of the teachers.
The Board now appeals.
At the outset, we note that we were recently called on to interpret this same act in the case of Brown v. Alabama State Board of Education, 565 So.2d 253 (Ala.Civ.App.1989), aff'd, 565 So.2d 256 (Ala.1990).
Here, however, the facts are as follows. Three of the teachers took maternity leave at some point in their first three years as school teachers. The fourth teacher also took leave at some point in her first three years as a school teacher; however, her leave was emergency leave.
The fact that they took leave in their first three years as teachers is important, because it is after those first three years that teachers become tenured. Each teacher, because she took leave during those first three years, had her tenure date delayed by the Board by the number of days taken in approved leave. Further, because each one’s tenure date was delayed until sometime in her fourth year, her pay raise was delayed until the next school year.
The trial court determined, however, that approved leave should not be deducted when computing time of service for purposes of applying the Teacher Pay Raise Act. Thus, the court held that each teacher’s pay raise should have become effective at the beginning of the fourth year.
We find this language in Brown, 565 So.2d at p. 259, controlling:
“If a teacher is to receive a pay raise and that raise is based on the number of years for which the teacher has been employed or on the fact that the teacher has become tenured, then the raise should become effective on the date on which the teacher had been employed for the requisite number of years or has achieved tenure, as the case may be; otherwise, more is required of a teacher who, through no fault of his or her own, meets the necessary criteria during the school year than of a teacher who happens to meet one of the criteria at the beginning of the school year.”
Although we recognize that the facts of Brown are somewhat different from those of the case currently before us, we find that the result must be the same. In short, it would be as unjust to deny the teachers in this case their raise as it was to deny the teachers in Brown theirs.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
RUSSELL, J., concurs in result only.