214 So.2d 324

**STARLITE LANES, INC.**

v.

**STATE of Alabama.**

**8 Div. 278.**

Supreme Court of Alabama.

Sept. 19, 1968.

J. D. Carroll, Jr., Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and B. Frank Loeb, Asst. Attys. Gen., for appellee.

.KOHN, Justice.

This appeal is taken pursuant to Title 51, § 140, Code of Alabama, 1940, Recompiled 1958, from an assessment entered by the State Department of Revenue for sales tax covering the period July 1, 1962, through August 31, 1964, and made final by said Department on February 2, 1965. It has been orally stipulated by the parties that all jurisdictional requirements of § 140, supra, have been met, and that the cause is, therefore, properly before this court for decision.

The parties also stipulated that the amount of money set out in the final assessment is the correct amount of tax, if any tax is due; and further that such amount covers, substantially, the gross receipts of the rentals of bowling shoes by appellant in the operation of its business.

Appellant is a corporation operating a bowling alley in the City of Huntsville, Alabama, and did so during the period of the assessment. It began operation of the bowling alley during the month of July, 1962, and at that time purchased some bowling shoes from Brunswick Corporation, an out-of-state concern. Mr. J. D. Carroll, Jr., president of appellant corporation, testified that he felt certain that "some kind" of tax, either sales or use, was paid by appellant when it purchased these shoes. At other times during the period involved, appellant purchased as needed more bowling shoes from Bowling Supply Company of Nashville, Tennessee, also an out-of-state concern, and from Saunier Wilhelm Company, a Birmingham, Alabama, concern. Mr. Carroll further testified that either sales or use tax was paid at the time all such purchases were made during this period.

The examiner for the State Revenue Department who made the audit of appellant's books and records, from which the assessment was made, testified that according to the breakdown as shown by appellant's sales journal, the items included in the audit were as follows: Receipts from bowling lineage, receipts from a snack bar, receipts from bowling merchandise (this would include balls, ball covers, shirts, shoes, etc.), receipts from billiard machines owned by appellant and placed in said bowling alley for use of the customer, receipts from other vending machines and amusement devices owned by appellant and receipts from the rentals of bowling shoes. Not included in said audit were commissions received by appellant from the owners of vending machines for rental of space to such owners, and all wholesale sales (or sales for resale) made by appellant.

The only question raised on this appeal is whether the receipts from the rental of bowling shoes are a part of the "gross receipts" of the bowling alley, subject to the tax levied under § 786(3) (b), Title 51, Code of Alabama Recompiled 1958 [1965 Cumulative Pocket Part]. The pertinent part of this section is as follows:

"There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, a privilege or license tax against the person on account of the business activities and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows:

* * * * * *

"(b) Upon every person, firm, or corporation engaged, or continuing within this state, in the business of conducting,

or operating, places of amusement or entertainment, billiard and pool rooms, bowling alleys, amusement devices, musical devices, theaters, opera houses, moving picture shows, vaudevilles, amusement parks, athletic contests, * * * skating rinks, race tracks, golf courses, or any other place at which any exhibition, display, amusement or entertainment is offered to the public or place or places where an admission fee is charged, * * an amount equal to four percent of the gross receipts of any such business."

The term "gross receipts" is defined in § 786(2) (h), supra, in pertinent part, as follows:

"(h) The term 'gross receipts' means the value proceeding or accruing from the sale of tangible personal property, including merchandise and commodities of any kind and character, all receipts actual and accrued, by reason of any business engaged in * * *. * * * *"

These two sections of the Sales Tax Act have not been materially changed since the beginning of the audit period except that the rate of the tax was changed from three percent to four percent, effective July 1, 1963.

The court below found that the receipts from the rental of the bowling shoes were properly included in the audit and were a part of the "gross receipts" of the bowling alley, subject to the tax levied by Title 51, § 786(3) (b), supra. The appellant contends there are two bases for a reversal of the trial court.

The first contention of the appellant is that the court below erred in failing to take into consideration that no rental property is taxable under § 786(3) (b), supra. In support of this contention, the appellant cites Paramount-Richards Theatres v. State, 256 Ala. 515, 55 So.2d 812; National Linen Service Corporation v. State Tax Commission, 237 Ala. 360, 186 So. 478. However, we do not believe that these two cases are decisive of the question raised on this appeal. In both Paramount-Richards Theatres v. State, supra, and National Linen Service Corporation v. State Tax Commission, supra, this court laid down the general rule that where sales or use tax has been paid upon the purchase of tangible personal property, no other tax can be levied upon the same property.

In the present case, we hold that § 786(3) (b) of Title 51, supra, levies a tax upon the "gross receipts" of the appellant's business and not upon the rental of the bowling shoes. Although the "gross receipts" of the bowling alley, as defined by the audit, include the receipts from the rental of the shoes, the tax imposed by § 786(3) (b), supra, is upon the privilege of "operating a place of amusement" and not on the rental of personal property.

The second contention of the appellant is that the court below "erred in allowing the assessment in that same would be double taxation in that taxation had already been previously paid on tangible rental property, when purchased, and the rental of same, even in the pursuit of a business is not taxable unless specifically stated in the statute."

Although it is the general rule in this state that double taxation will be avoided, if possible, such taxation is permissible and not unconstitutional unless such double taxation is confiscatory, discriminatory, or results in an unreasonable pyramiding of taxes. Ray E. Loper Lumber Co. v. State, 269 Ala. 425, 113 So.2d 686; Al Means, Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816; Woco Pep Co. of Montgomery v. City of Montgomery, 219 Ala. 73, 121 So. 64; Brown Plumbing & Heating Co. v. McDowell, 240 Ala. 485, 200 So. 104.

Also, it is always presumed that the legislature did not do a vain and useless thing and that a statute should be construed in accordance with its real intent and meaning, and not so as to defeat the legislative purpose. State v. Union Tank Car Co., 281 Ala. 246, 201 So.2d 402; In re Opinion of the Justices, 267 Ala. 114, 100

So.2d 681; Alabama-Georgia Syrup Co. v. State, 253 Ala. 49, 42 So.2d 796; National Linen Service Corporation v. State Tax Commission, supra.

In the present case if the appellant's contention is upheld, § 786(3) (b) of Title 51, supra, would have little, if any, field of operation for nearly every item of tangible personal property used in a bowling alley to produce revenue has had a sales tax paid on it when it was purchased. This would also be true of items used in other businesses covered by this section. It must be assumed that the legislature was aware of this fact when they enacted § 786(3) (b), supra; and that the legislature intended to levy a tax against the "gross receipts" of these businesses even though a part of these "gross receipts" was revenue produced by the rental of personal property. To hold otherwise would make the act of the legislature almost meaningless.

It should also be noted that the burden of the "gross receipts" tax does not fall upon the appellant, as this tax is required by law to be added to the total gross receipts and passed on to the customers of appellant. Thus, the burden of the sales tax falls upon the appellant when he buys the shoes and the "gross receipts" tax upon the appellant's customers when they rent the shoes. Although there is double taxation in the sense that two taxes have been paid on the same item, the two taxes do not fall upon the same person. We do not feel that this is objectionable in the present case.

Therefore, in order to give the statute its intended field of operation, we hold that the trial court did not err in upholding the assessment, and we affirm its decision.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.