BRADLEY, Presiding Judge.
This is a declaratory judgment action.
One hundred and seventy-two retired City of Mobile firefighters and policemen filed a complaint against The Policemen and Firefighters Pension and Relief Fund Board seeking a declaration of the meaning of Section 29 of Act 243, Acts of Alabama 1964, as amended by Section 4, Act 862, Acts of Alabama 1978.
Section 29 provides as follows:
“Section 29. Any member of said police or fire departments retiring after the effective date of this Act shall be entitled to an adjustment in his retirement benefits equal to 50% of any blanket pay raise or any increased pay resulting from any plan revision, granted to active employees of the same class that said retired member held on the date of his retirement; provided, however, that such adjustment shall not be applicable to any person designated by said retired member pursuant to any provision in Section 28 of this Act.”
In their complaint plaintiffs allege that they are retired firefighters and policemen of the City of Mobile, that they retired after the effective date of Act 243, as amended by Act 862 in 1978; that the retirees represent fourteen classes of employees, that these classes of employees had a pay range of steps A through G, that after their retirement these pay ranges were increased by the Personnel Board of Mobile County from A through G to A through J, that all of the retirees retired at step G, the highest pay step in their classification, that after the revision of the pay ranges by the Personnel Board the retirees appeared before the Pension Board and sought an increase in their retirement benefits equal to fifty percent of the total of steps I through J, and that the Pension Board refused to grant the increase. The parties stipulated that the one hundred and seventy-two plaintiffs in this case compose the entire class of individuals who may be entitled to increased pension benefits pursuant to Section 29 as amended by Section 4 of Act 862, Acts of Alabama 1978. Subsequent amendments to Section 29 have no bearing on this case.
After a hearing, the trial court issued a judgment declaring that the plaintiffs were not entitled to an increase in retirement benefits as a result of the increase in the number of steps in their pay ranges. Plaintiffs appeal.
On appeal plaintiffs argue that the addition of three steps to each pay range was a pay plan revision within the meaning of Section 29. Moreover, they say that the purpose of Section 29 was to keep a retiree at the top of his pay range by giving him or her fifty percent of such increase in pay steps.
The defendant replies that Section 29 means an increase in each step in the pay range. For example, if a policeman retired at step E of his pay range and classification, that step would have to be increased in order for the retiree to be entitled to an increase in retirement benefits pursuant to Section 29. The trial court adopted this interpretation of Section 29. We, however, agree with the plaintiffs and reverse the trial court.
Where statutory construction is necessary, the fundamental rule which a court must observe is that the intent of the legislature must be given effect and the intent must be gleaned from the language of the statute. Mills v. Ozark City Board of Education, 376 So.2d 747 (Ala.Civ.App.1979). A statute should be construed so as to give the legislative intent its true meaning and not to defeat the legislative purpose. Starlite Lanes, Inc. v. State, 283 Ala. 48, 214 So.2d 324 (1968).
The legislature, in Section 29, said that a retired firefighter or policeman is entitled to fifty percent of any increased pay resulting from a pay plan revision granted to *279 active employees of the same class that the retired member held on the date of his or her retirement. The Pension Board admits that the creation of three additional pay steps in each job classification was a pay plan revision granted to active employees. The Board asserts that this pay plan revision did not affect any of the plaintiffs herein because none of them retired while in the “class” of employees affected by the revision. We disagree.
Contrary to the trial court, we conclude that the meaning of the word “class” in Section 29 refers to the employee’s job classification, not to the individual pay steps within a classification. The rules and regulations of the Mobile County Personnel Board define “class” as a set of positions similar with respect to duties, responsibilities, and authority and having the same requirements as to education, experience, ability, and other qualifications. With respect to firemen, the Personnel Board has established fourteen classifications, such as firefighter, firefighter driver, paramedic, and fire captain. Policemen are subject to a similar system of classification. Within each classification, pay is increased by steps. When an employee moves up a step, his pay increases but his duties remain the same. In other words, an employee does not move into another class by moving a step up the pay scale. Clearly, the legislature intended “class,” as used in Section 29, to mean job classification, not pay step.
As the trial court noted, the pay steps within a job classification reward longevity, and the retirees involved here ceased accruing longevity when they retired. The court failed to take into account the fact that these retirees never had an opportunity to take advantage of the three additional pay steps. A person retiring after the creation of these new pay steps could potentially receive a larger pension than one retiring before their creation though the two employees had served the same length of time on active duty. In addition, the statute allows a pension increase when the pay of active employees increases as a result of a pay plan revision. The pension increase is not dependent on longevity of service but on the mere fact of a pay plan revision which increases the salary of active employees.
The Pension Board contends that the disputed portion of Section 29 allows a pension increase only when the pay of those persons in the same pay step as the retired employees is increased by a pay plan revision. The Board ignores the fact that Section 29 provides for a pension increase equal to fifty percent of any blanket pay raise or any increased pay resulting from a pay plan revision. An increase in pay for active employees within the same pay step would be a “blanket pay raise,” not a “pay plan revision.” The legislature clearly intended Section 29 to provide retired policemen and firemen with a pension increase in either situation. The addition of three steps to the pay scale for each class of employee is precisely the type of pay plan revision covered by Section 29.
Applying this reasoning to the case at bar, we reverse the trial court’s judgment declaring that plaintiffs are not entitled to a pension increase. The plaintiffs represent a number of different classes of employees. We hold that the plaintiffs are entitled to a pension increase on account of the pay plan revision adding steps H, I and J to the pay scale of each class. The trial court is instructed to enter a judgment declaring the plaintiffs’ rights to such pension increase. The trial court found, and the plaintiffs do not contend otherwise, that ten of the one hundred and seventy-two plaintiffs are barred from relief by reason of failure to appeal an earlier pension board decision.
The judgment of the trial court is reversed and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, J., concurs.
HOLMES, J., dissents.