This case involves an action against a municipality alleging wrongful termination of employment in retaliation for the filing of a workers' compensation claim.
Jeffery Dollar sued the City of Ashford in September 1994, seeking workers' compensation benefits and seeking damages based on the allegation that his employment had been wrongfully terminated in retaliation for his filing a workers' compensation claim. Upon motion by the city, the trial court dismissed the retaliatory discharge count of Dollar's complaint. The trial court made the dismissal final pursuant to Rule 54(b), Ala.R.Civ.P. Dollar appealed. This case was transferred to this court by the Supreme Court, pursuant to § 12-2-7(6), Ala. Code 1975.
Dollar contends that the trial court erred in dismissing his claim alleging retaliatory discharge. The trial court based the dismissal on a holding that the city was immune from liability. The only issue before this court is whether a municipality is immune from liability under § 25-5-11.1, Ala. Code 1975, for terminating employment in retaliation for the filing of a workers' compensation claim.
The Workers' Compensation Act provides that "[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits." § 25-5-11.1, Ala. Code 1975. The provisions of the Workers' Compensation Act specifically apply to employees of municipalities and govern their employment. § 25-5-13, Ala. Code 1975.
However, § 11-47-190, Ala. Code 1975, provides that municipalities are immune from liability for intentional torts, and that they are liable only for the neglect, carelessness, or unskillfulness of their agents, officers, and employees. The City of Ashford argues that this statute controls in this case and, therefore, that it is not liable for a retaliatory discharge. Dollar contends that the Workers' Compensation Act controls.
"Statutes should be construed together so as to harmonize the provisions as far as practical." Ex parte Jones ManufacturingCo., 589 So.2d 208, 211 (Ala. 1991). "In the event of a conflict between two statutes, a specific statute relating to a specific subject is regarded as an exception to, and will prevail over, a general statute relating to a broad subject." Id.
In interpreting § 11-47-190 in 1982, the supreme court stated that "[u]ntil the legislature chooses to expand the liability of municipalities to include damages for wrongful decision-making, this court will continue to limit such liability to only those injuries caused by 'neglect, carelessness or unskillfulness.' " Ott v. Everett,420 So.2d 258, 260 (Ala. 1982).
We find that § 11-47-190 is a general statute relating to the liability of municipalities in general; and that, although the Workers' Compensation Act itself is a general statute, §§25-5-11.1 and 25-5-13 are specific statutes relating to specific subjects. Section 25-5-11.1 sets out a cause of action under the Workers' Compensation Act for wrongful termination of an employee in retaliation for the filing of a workers' compensation claim, and § 25-5-13 specifically makes the Workers' Compensation Act applicable to municipalities.
We find that, in enacting these provisions of the Workers' Compensation Act, the legislature expanded the liability of municipalities to include liability for wrongfully terminating an employee in retaliation for the filing of a workers' compensation claim. Section 11-47-190 provides immunity for municipalities from liability for intentional torts, except where specifically provided otherwise by statute. *Page 771 
The trial court erred in dismissing Dollar's claim against the City of Ashford alleging a termination in retaliation for the filing of a workers' compensation claim.
The judgment of the trial court is reversed and this case is remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurring specially.
CRAWLEY, J., dissents.