710 So.2d 417 (1998)
Ex parte State of Alabama.
(Re STATE of Alabama
v.
Kenneth BRAGG, et al.).
1962117.
Supreme Court of Alabama.
February 13, 1998.
Robert H. Pettey and Amy J. Himmelwright of Samford, Denson, Horsley, Pettey & Martin, Opelika, for petitioner.
J. Michael Williams, Sr., of Gullage & Williams, Auburn, for respondent Kenneth Bragg.
MADDOX, Justice.
The issue presented by this petition for the writ of mandamus is whether the trial judge abused his discretion in ordering the production of certain documents during the discovery phase of an eminent domain proceeding. Because of a statutory provision that prohibits a party in an eminent domain proceeding from obtaining written valuation reports of another party, we hold that the trial judge did abuse his discretion. We therefore grant the petition.
The State filed an action in the Russell County Probate Court seeking an order condemning property owned by Kenneth Bragg. Following proceedings in that court, the State appealed to the Russell County Circuit Court. On June 10, 1997, Bragg served on the State a request for production, seeking copies of any reports appraising the land in question. The State filed a response to Bragg's request, objecting to the production of its valuation reports on the ground that § 18-1A-130, Ala.Code 1975, shields such documents from discovery. That statute provides:
"Discovery and pretrial conferences in condemnation actions in the circuit court are governed by the Alabama Rules of Civil Procedure."
"Nothing in this section shall be construed to enable any party to obtain a written valuation report of the other party."
§ 18-1A-130, Ala.Code 1975 (emphasis added).
On August 13, 1997, after Bragg had filed a motion to compel production, the trial judge, although he was aware of the statute, directed the State to answer all "reasonable requests for discovery." The State then moved the court to set a hearing to consider the State's objections. The trial court denied that motion; the State filed an amended response to Bragg's request for production, reasserting its objections. At a hearing on September 17, 1997, the judge ordered the State to produce the requested documents.
*418 The State filed this petition, seeking an order directing the trial judge to set aside his order compelling discovery of the documents. The respondents, Bragg and the trial judge, filed briefs in response.
The writ of mandamus is an extraordinary writ, and it is well established that a writ of mandamus is appropriate only where there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991).
Because discovery matters are within the sound discretion of the trial court, this Court has held that it will not reverse a trial court's rulings on discovery issues unless the trial court has clearly abused its discretion. Home Ins. Co. v. Rice, 585 So.2d 859 (Ala. 1991).
The State, although it is aware of these principles of law, argues that it is entitled to the writ of mandamus, asserting that it meets all of the requirements for the issuance of a writ. As the basis of its argument, the State relies almost entirely on the provisions of § 18-1A-130, Ala.Code 1975, quoted above, which, it claims, erects a shield protecting the documents in question from discovery.
The trial judge, however, in his response to the State's mandamus petition, states that "any written appraisal prepared by experts [the State anticipates calling as witnesses] should be made available to [Bragg]." He further states that that conclusion is necessary to harmonize the statute with the purposes of Rule 26 of the Alabama Rules of Civil Procedure.
Because the statute does provide that eminent domain proceedings are governed by the Alabama Rules of Civil Procedure, we must ascertain the Legislature's intent in including the proviso that "[n]othing in this section shall be construed to enable any party to obtain a written valuation report of the other party."
The Alabama Rules of Civil Procedure were promulgated by this Court under authority granted by the Alabama Constitution of 1901, amd. 328, § 6.11, which provides, in part, that "[t]he supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts." However, § 6.11 also contains a proviso that the rules promulgated by this Court "may be changed by a general act of statewide application."
Bragg argues that the second sentence of § 18-1A-130 does not mean that valuation reports are not discoverable, but only that this Code section does not provide the right to discover them. He argues that the right to discover such documents is provided by Rule 26, Ala. R. Civ. P. We have long stated that in interpreting statutes "it is always presumed that the legislature did not do a vain and useless thing." Starlite Lanes, Inc. v. State, 283 Ala. 48, 51, 214 So.2d 324, 326 (1968). To interpret the statute as Bragg suggests would require us to infer that the second sentence of § 18-1A-130 was essentially superfluous.
We believe that the intent of the people could not have been more clearly stated than it is in § 6.11 of Amendment 328, quoted above; consequently, we cannot accept Bragg's argument. In concluding that the Legislature intended to prohibit discovery of valuation reports, we have examined the legislative history of the statute. We note initially that § 18-1A-130 was adopted as part of a comprehensive overhaul of eminent domain law enacted by the Legislature in 1985. Act No. 85-458, Ala. Acts 1985. The first sentence of the section is similar to Uniform Eminent Domain Code § 701. The second sentence of § 18-1A-130, however, is not part of the Uniform Code; it was added by the Legislature, following the recommendation of the Alabama Law Institute. Alabama Law Institute, Alabama Eminent Domain Code § 701 (1984).
We believe that the Legislature, in enacting § 18-1A-130, Ala.Code 1975, intended to protect the documents in question in this case from discovery, and because § 6.11, amd. 328, Ala. Const. of 1901, gives the Legislature the authority to overturn our procedural rules by statute, and because the *419 Legislature specifically did so, exempting appraisal reports in condemnation cases from discovery, we hold that the State had a clear legal right to an order rescinding the order compelling discovery. In reaching our conclusion, we have not overlooked Bragg's argument that, even if the documents in question in this case were not subject to discovery, the State failed, at the September 17, 1997, scheduling conference, to object to their discovery and therefore has waived its rights. We have examined the record and find that the State's objections were consistently included in its written responses to Bragg's discovery requests and were properly before the trial court.
After weighing the arguments of the parties, we grant the petition and issue a writ of mandamus directing the trial court to vacate its order of September 17, 1997, and we direct the trial court to enter such other orders as are consistent with this opinion.
WRIT GRANTED.
HOOPER, C.J., and ALMON, HOUSTON, and SEE, JJ., concur.
SHORES, KENNEDY, COOK, and BUTTS, JJ., dissent.
COOK, Justice (dissenting).
I disagree with the majority's granting of the writ of mandamus in this case because I see no abuse of discretion by the trial court in ordering production of certain documents during the discovery phase of the eminent domain hearing.
Ala.Code 1975, § 18-1A-130, states:
"Discovery and pretrial conferences in condemnation actions in the circuit court are governed by the Alabama Rules of Civil Procedure.
"Nothing in this section shall be construed to enable any party to obtain a written valuation report of the other party."
(Emphasis added.)
The majority states that the legislature intended for the second sentence in § 18-1A-130 to prohibit the discovery of another party's valuation report in condemnation actions. I disagree. The first sentence of § 18-1A-130 provides that "[d]iscovery and pretrial conferences in condemnation actions ... are governed by the Alabama Rules of Civil Procedure." Those Rules provide that a party may "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Ala. R. Civ. P. 26(b)(1). I believe the second sentence was placed in § 18-1A-130 to iterate that although that particular section does not provide for the discovery of valuation reports, the Alabama Rules of Civil Procedure govern discovery and pretrial conferences in condemnation actions and should be looked to for guidance. I find valuation reports to be relevant in eminent domain hearings for use in showing the worth of the property the public entity seeks to take for public use. I would not grant the extraordinary remedy in this case, because I do not see an abuse of discretion.
SHORES and KENNEDY, JJ., concur.