JOHNSTONE, Justice.
E.J.M. and Capouano, Smith, Warren & Klinner, P.C., petition this Court for a writ of mandamus directing the Court of Criminal Appeals to direct the trial judge to quash Montgomery County grand jury subpoena duces tecum no. 99-109. We grant the petition and issue the writ.
On May 7, 1999, the foreperson of the Montgomery County Grand Jury issued an instanter subpoena duces tecum no. 99-109 to the “Managing Partner” of the Capoua-no, Smith, Warren & Klinner law firm (“the Law Firm”). The subpoena directed the “Managing Partner” to produce to “Bill Long, investigator, office of the Attorney General, State of Aabama” various documents relating to the relationship between the Law Firm and E.J.M., a lawyer and a former director of the Ethics Commission, and relating to the representation of certain clients by E.J.M. or by the Law Firm or by E.J.M. in association with the Law Firm.
On May 10, 1999, E.J.M. and the Law Firm moved to quash the grand jury subpoena duces tecum on various grounds. Following a telephone conference with the parties and the General Counsel of the Aabama State Bar Association, the trial court asked the General Counsel of the Bar Association to provide the court with opinions of the Disciplinary Commission and of the Office of the General Counsel regarding Rule 1.6, Aabama Rules of Professional Conduct. By letter dated May 13,1999, the General Counsel provided the trial court with the requested opinions. Thereafter, the Attorney General filed a brief in opposition to the motion to quash. Following a hearing on the motion to quash, the trial court directed the parties to brief the following issue:
“If a complaint for a violation of the Aabama State Ethics Law is initiated by the Ethics Commission (as opposed to some other identifiable and verified source), must the Attorney General comply with the provisions of § 36-25-4(c), Aa.Code 1975, before initiating criminal prosecution by the presentation of the case to a grand jury?”
The parties filed briefs addressing the specified issue. Following the submission of proposed orders by the parties, the trial court entered an order granting in part and denying in part the motion to quash and modifying the grand jury subpoena duces tecum.
*107 E.J.M. and the Law Firm petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial court to quash the subpoena duces tecum. On December 3, 1999, the Court of Criminal Appeals granted in part and denied in part the petition for a writ of mandamus, modified the subpoena duces tecum, but left it in effect for the production of some materials sought.
“ ‘A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”’ Ex parte State Farm Mut. Auto. Ins. Co., 761 So.2d 1000, 1002 (Ala.2000) (quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)).
E.J.M. and the Law Firm assert: (1) that neither the trial court nor the Court of Criminal Appeals has the authority to “ ‘reform’ or ‘modify’ a grand jury subpoena”; (2) that the Court of Criminal Appeals does not have the authority to change the wording of a grand jury subpoena; (3) that the grand jury subpoena is void because it directed a return of the subpoenaed materials outside of the presence of the grand jury to an investigator with the Attorney General’s office; (4) that the grand jury subpoena “is indiscriminate and overbroad,” and contrary to Rule 1.6, Ala. R. Prof. Cond.; and (5) that “[t]he Ethics Commission improperly referred the complaint to the Attorney General in disregard of certain procedural safeguards.” We find the issue whether “[t]he Ethics Commission improperly referred the complaint to the Attorney General in disregard of certain procedural safeguards” to be dispositive.
Within the course of an investigation of a certain person, the Ethics Commission acquired information that caused it to believe that E.J.M. had violated the Ethics Act in his representation of that person and possibly other clients before the Ethics Commission. Without any complaint filed by anyone outside the Ethics Commission, the Ethics Commission itself initiated a complaint against E.J.M.; and, instead of following the mandate of § 36-25-4(c), Ala.Code 1975, to refer the complaint to a three-judge panel for hearing, the Ethics Commission “asked the Attorney General to handle the ... matter.” June 28, 1999, Letter from Attorney General to the trial judge, p. 1. The Attorney General then convened a grand jury to investigate whether there was probable cause to believe that E.J.M. had, in fact, violated the Ethics Act; and that grand jury issued the subpoena duces tecum now being challenged.
E.J.M. and the Law Firm contend that the Ethics Commission violated the Ethics Act by referring the matter to the Attorney General without heeding the prerequisites and restrictions of § 36-25-4(e), which prescribes the way for the Ethics Commission to investigate or to initiate a complaint:
“(c) The commission shall not take any investigatory action on a telephonic or written complaint against a respondent so long as the complainant remains anonymous. Investigatory action on a complaint from an identifiable source shall not be initiated until the true identity of the source has been ascertained and written verification of such ascertainment is in the commission’s files. The complaint may only be filed by a person who has or persons who have actual knowledge of the allegations contained in the complaint. A complainant may not file a complaint for another person or persons in order to circum *108 vent this subsection. Prior to commencing any investigation, the commission shall: (1) receive a written and signed complaint which sets forth in detail the specific charges against a respondent, and the factual allegations which support the charges and (2) the director shall conduct a preliminary inquiry in order to make an initial determination that reasonable cause exists to conduct an investigation. If the director determines reasonable cause does not exist, the charges shall be dismissed, but such action must be reported to the commission. The commission shall be entitled to authorize an investigation upon a unanimous written consent of all five (5) commission members, upon an express finding that probable cause exists that a violation or violations of this chapter have occurred.- A complaint may be initiated by the unanimous vote of the commission, provided, however, that the commission shall not conduct the hearing, but rather the hearing shall be conducted by three (S) active or retired judges, who shall be appointed by the Chief Justice of the Alabama Supreme Court, at least one of whom shall be Black. The three (3) judge panel shall conduct the hearing in accordance with the procedures contained in this chapter and in accordance with the regulations of the commission. If the three (8) judge panel unanimously finds that a person covered by this chapter has violated it, the three (8) judge panel shall forward the case to the district attorney for the jurisdiction in which the alleged acts occurred or to the Attorney General. In all matters that come before the commission concerning a complaint on an individual, the laws of due process shall apply.” (Emphasis added.)
E.J.M. and the Law Firm contend that the violation of these statutory mandates invalidates the consequent subpoena duces te-cum. We agree.
The Attorney General and the Ethics Commission first argue that § 36-25-4(a)(8), which provides that the Ethics Commission shall “[r]eport suspected violations of law to the appropriate law-enforcement authorities,” authorized the disclosure by the Ethics Commission directly to the Attorney General rather than only to the three-judge panel required by § 36-25-4(c). Likewise, the Attorney General and the Ethics Commission argue that § 36-25-27(c) authorized the disclosure by the Ethics Commission directly to the Attorney General rather than only to the three-judge panel. Section 36-25-27(c) reads, in pertinent part:
“In the event the commission, by majority vote, finds any provision of this chapter has been violated, the alleged violation and any investigation conducted by the commission shall be referred to the district attorney of the appropriate jurisdiction or the Attorney General. The commission shall provide any and all appropriate assistance to such district attorney or Attorney General. Upon the request of such district attorney or the Attorney General, the commission may institute, prosecute, or take such other appropriate legal action regarding such violations, proceeding therein with all rights, privileges, and powers conferred by law upon assistant attorneys general.”
The specific strictures of § 36-25-4(c), however, control the effect of both § 36-25-4(a)(8) and § 36-25-27(c).
“Our cases, without conflict, give emphasis to the well defined rule that ‘ “ ‘special provisions relating to specific subjects control general provisions relating to general subjects’ ” and ‘ “ ‘when the law descends to particulars, such more special provisions must be under *109 stood as exceptions to any general rules laid down to the contrary.’ ” ’ Miller v. State ex rel. Peek, 249 Ala. 14, 29 So.2d 411, 416, 172 A.L.R. 1356 [ (1947) ]; Alabama Electric Co-op. v. Alabama Power Co., 251 Ala. 190, 36 So.2d 523 [ (1948) ]; State v. Elliott, 246 Ala. 439, 21 So.2d 310 [ (1945) ]; Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34 [ (1941) ]; Herring v. Griffin, 211 Ala. 225, 100 So. 202 [(1924)]; Pepper v. Horn, 197 Ala. 395, 73 So. 46 [ (1916) ]; City of Birmingham v. Southern Express Co., 164 Ala. 529(6), 51 So. 159 [ (1909) ]; City Council of Montgomery v. National Building & Loan Ass’n, 108 Ala. 336, 18 So. 816. [ (1895).]”
Geter v. United States Steel Corp., 264 Ala. 94, 97, 84 So.2d 770, 773 (1956). See also Crawford v. Springle, 631 So.2d 880, 882 (Ala.1993) (“Where statutes in pari mate-ria are general and specific, the more specific statute controls the more general statute.”). Moreover, a conflict in statutory provisions should not he resolved in a way that nullifies safeguards. See State v. Bragg, 710 So.2d 417 (Ala.1998), and Starlite Lanes, Inc. v. State, 283 Ala. 48, 214 So.2d 324 (1968). Therefore, § 36-25-4(c) provides the procedure for the Ethics Commission to follow in order to report suspected violations of law pursuant to § 36 — 25—4(a)(8); and § 36-25-27(c) authorizes the Ethics Commission to refer directly to the Attorney General only those complaints filed by others than the Ethics Commission itself, not complaints initiated in-house by the Ethics Commission, which are governed by the strictures and safeguards of § 36-25-4(c) mandating referral to a three-judge panel.
Finally, the Attorney General and the Ethics Commission argue that the Attorney General can investigate the alleged wrongdoing of E.J.M. pursuant to that part of § 36-25-27(c) which provides:
“[N]othing in this chapter shall be deemed to limit or otherwise prohibit the Attorney General or the district attorney for the appropriate jurisdiction from enforcing any provision of this chapter as they deem appropriate.”
We cannot agree. The investigation by the Attorney General is illegal notwithstanding his independent right to investigate granted by this part of § 36-25-27(c) because the matter to be investigated was the confidential information of the Ethics Commission illegally disclosed to the Attorney General.
Ethics Commission proceedings and information are confidential. Section 36-25-4(b), governing the Ethics Commission, provides:
“(b) A complaint filed pursuant to this chapter, together with any statement, evidence, or information received from the complainant, witnesses, or other persons shall be protected by and subject to the same restrictions relating to secrecy and nondisclosure of information, conversation, knowledge, or evidence of Sections 12-16-211 to 12-16-216, inclusive. Such restrictions shall apply to all investigatory activities taken by the director, the commission, or a member thereof, staff, employees, or any person engaged by the commission in response to a complaint filed with the commission and to all proceedings relating thereto before the commission.” (Emphasis added.)
Section 12-16-214, Ala.Code 1975,' provides, in pertinent part:
“The Legislature hereby finds, declares and determines that it is essential to the fair and impartial administration of justice that all grand jury proceedings be secret and that the secrecy of such proceedings remain inviolate.... ” (Emphasis added.)
*110 Section 12-16-215 provides, in pertinent part:
“No past or present grand juror, past or present grand jury witness or grand jury reporter or stenographer shall willfully at any time directly or indirectly, conditionally or unconditionally, by any means whatever, reveal, disclose or divulge or attempt or endeavor to reveal, disclose or divulge or cause to be revealed, disclosed or divulged, any knowledge or information pertaining to any grand juror’s questions, considerations, debates, deliberations, opinions or votes on any case, evidence, or other matter taken within or occurring before any grand jury of this state.... ” (Emphasis added.)
Section 12-16-216 provides, in pertinent part:
“No past or present grand juror, past or present grand jury witness or grand jury reporter or stenographer shall willfully at any time, directly or indirectly, conditionally or unconditionally, by any means whatever, reveal, disclose or divulge or endeavor to reveal, disclose or divulge or cause to be revealed, disclosed or divulged, any knowledge of the form, nature or content of any physical evidence presented to any grand jury of this state or any knowledge of the form, nature or content of any question propounded to any person within or before any grand jury or any comment made by any person in response thereto or any other evidence, testimony or conversation occurring or taken therein.... ” (Emphasis added.)
The Ethics Commission could not disclose its confidential information about E.J.M. except pursuant to authority of law. The controlling authority, as already explained, was, and is, § 36-25-4(c). The only action § 36-25-4(e) authorized for this type of complaint, one originating within the Ethics Commission itself, was reference of the matter to a three-judge panel. No law authorized the Ethics Commission to disclose information about E.J.M. to the Attorney General.
The Ethics Commission admits in its brief that it disclosed the confidential matter to the Attorney General without obeying § 36-25-4(c). Thus, the Ethics Commission violated the confidentiality commands of § 36-25^1(b). The Attorney General does not claim any independent knowledge of wrongdoing by E.J.M. Therefore, the Attorney General’s investigation and convening of the grand jury were and are illegal as the fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and Ex parte Yarber, 375 So.2d 1231 (Ala.1979). Because the investigation and this grand jury were and are illegal, the subpoena duces tecum issued by the grand jury is illegal.
E.J.M. and the Law Firm have shown a clear legal right to the relief they seek. Therefore, we issue a writ of mandamus directing the Court of Criminal Appeals to vacate its denial of the petition for a writ of mandamus and to issue a writ directing the trial court to quash Montgomery County Grand Jury subpoena duces tecum no. 99-109.
WRIT GRANTED.
MOORE, C.J., and LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
SEE, J., recuses himself.