STUART, Justice.
Tuscaloosa County petitions for a writ of mandamus directing the Circuit Court of Tuscaloosa County to vacate its order, in a condemnation case, denying the County’s motion to compel responses to interrogatories requesting specific information about an expert’s opinion as to land value, where the information sought concerned the essential components and underlying facts of the expert’s opinion.
The trial court, after conducting a hearing, determined that the information sought in the challenged interrogatories was beyond the scope of discovery set forth in Rule 26(b)(4)(A)(i), Ala. R. Civ. P.; it denied the County’s motion to compel. In response to the County’s petition for the writ of mandamus, this Court ordered answers and briefs, and they have been filed. After examining the record before us and considering the arguments of the parties, we are of the opinion that the trial court did not err in denying the motion to compel; therefore, we deny the petition.

Facts

On December 2,1999, the County filed a petition in the Probate Court of Tuscaloosa County seeking to condemn for public use certain real property owned by Phillip and Ura Mae Lamoreaux (“the Lamoreauxs”). The County intended to use the property as part of a public highway project known as the Mitt Larry Road Extension Project. After an amendment, the condemnation petition was granted on April 13, 2000, and on June 2, 2000, the probate, court entered an order condemning the land. The La-moreauxs appealed to the Circuit Court of Tuscaloosa County.
In the circuit court, the County propounded four interrogatories to the La-moreauxs. Interrogatory 1 sought the identity of any experts the Lamoreauxs expected to call at trial, “the subject matter on which the expert is expected to testify, ... the substance of the facts and the opinions to which the expert is expected to testify, and ... a summary of the grounds for each opinion.” The La-moreauxs responded to interrogatory 1. The County did not object to their response to interrogatory 1 and did not ask the court to require a further response with regard to that interrogatory. Signif *731 icantly, interrogatory 1 is not the subject of this petition. Interrogatories 2, 3, and 4 asked for the following information:
“2. With respect to each of defendant’s expert witnesses as to land values, please state:
“(a) Opinion of value of the parcel as a whole before the taking;
“(b) The breakdown of opinion of value before the taking to reflect the number of acres, valuation per acre, any separate timber valuation, valuation and description of improvements and any other component of value before the taking;
“(c) Date, acreage, name of grantor and grantee and recording data of each comparable sale used in connection with the opinion of value before the taking; and
“(d) For each comparable sale utilized in appraising the land before the taking, list and specify all adjustments as to time, size, location, physical characteristics, improvements, timber, zoning or any other adjustment made in comparing the comparable sale to the property being appraised.
“3. With respect to each of defendant’s expert witnesses as to land values, please state:
“(a) Opinion of value of the parcel as a whole after the taking;
“(b) The breakdown of opinion of value after the taking to reflect the number of acres, valuation per acre, any separate timber valuation, valuation and description of improvements and any other component of value after the taking;
“(c) Date, acreage, name of grantor and grantee and recording data of each comparable sale used in connection with the opinion of value after the taking; and
“4. For each comparable sale utilized in appraising the land after the taking, list and specify all adjustments as to time, size, location, physical characteristics, improvements, timber, zoning or any other adjustment made in comparing the comparable sale to the property being appraised.
“For each appraisal of the property of the landowner, please itemize the components of the value of the taking, including, but not limited to, the amount and per acre value of the land in the taking, any separate timber valuation, improvements in the taking and, by location, acreage and amount, any damages to the remainder as a result of the taking.”
The Lamoreauxs objected to interrogatories 2, 3, and 4 as being beyond the scope of discovery allowable under Ala. R. Civ. P. 26(b)(4). The County moved to compel production, arguing that the information requested in interrogatories 2, 3, and 4 was discoverable. After a hearing, the circuit court denied the County’s motion to compel, finding that the requested discovery exceeded the scope of Rule 26(b)(4)(A)(i). The County filed this petition for a writ of mandamus directing the circuit court to vacate its order denying the motion to compel and to enter an order granting the County’s motion to compel responses to interrogatories 2, 3, and 4.

Standard of Review

This Court’s standard of review in discovery dispute cases is well settled.
“ ‘Mandamus is the “proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders so as to prevent an abuse of the discovery process by either par *732 ty.” Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358, 360 (Ala.1993). Mandamus is an extraordinary remedy requiring a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994).
“ ‘Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion. Ex parte Clarke, 582 So.2d 1064, 1067 (Ala.1991); Ex parte McTier, 414 So.2d 460 (Ala.1982).’
“Ex parte Compass Bank, 686 So.2d at 1137.
“ ‘Pursuant to Rule 26, Alabama Rules of Civil Procedure, a trial court is given authority to either limit or restrict discovery, and once the trial court chooses to so limit or restrict, its action will be liberally and broadly construed. This court will not, therefore, reverse unless it appears the trial court abused its discretion.... ’
“Ex parte Sullivan, Long & Hagerty, 567 So.2d 314, 314-15 (Ala.Civ.App.1990).”
Ex parte HealthSouth Corp., 712 So.2d 1086, 1088 (Ala.1997).
The County argues that the rules of discovery are to be construed broadly so as to prevent unfair surprise, to allow for effective trial preparation, and to expedite the trial process. It urges the “ ‘[rjules for discovery are designed to eliminate, as far as possible, concealment and surprise in the trial of lawsuits.’ ” Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 104 (Ala.1981)(quoting 23 Am.Jur.2d Depositions and Discovery § 155 (1965)). The County notes that this Court has stated that it issues more writs of mandamus to correct orders improperly restricting discovery than it issues to correct orders permitting too much discovery. See Ex parte Dumas, 778 So.2d 798, 801 (Ala.2000).
The County cites three cases, United States v. 50.34 Acres of Land, 13 F.R.D. 19 (E.D.N.Y.1952); State v. Chicago Bridge & Iron Co., 288 Ala. 446, 261 So.2d 882 (1972); and Ex parte Dorsey Trailers, Inc., supra, in support of its argument that interrogatories 2, 3, and 4 are within the scope of Rule 26(b)(4). Its reliance on these cases, however, is misplaced. 50.34. Acres of Land was decided by a federal district court in 1952, 18 years before Fed. R.Civ.P. 26(b)(4) was adopted. Further, that case is factually distinguishable from the present case because it requested the production of an appraisal report prepared by experts who were not expected to testify at trial. Chicago Bridge was decided after Federal Rule 26(b)(4) was adopted, but before the Alabama Rules of Civil Procedure were adopted. The Chicago Bridge Court, in anticipation of the adoption of the Alabama rules, explicitly limited its holding to the facts of that particular case. Dorsey Trailers, the only case cited by the County that was decided after the adoption of Ala. R. Civ. P. 26(b)(4), is factually distinguishable from this case. In Dorsey Trailers, the responding party, in response to an interrogatory requesting information on the other party’s expert witnesses under Rule 26(b)(4)(A)(i) provided only the expert’s name; the responding *733 party did not provide any additional information and did not object to the interrogatory. The Dorsey Trailers Court issued the writ of mandamus conditionally, directing the trial court to grant the motion to compel further response to the interrogatory. The Court did not discuss the scope of the discovery as to expert witnesses expected to testify at trial; neither did it address the limitations of Rule 26(b)(4). These three cases, therefore, are not helpful in addressing the scope of discovery under Ala. R. Civ. P. 26(b)(4) concerning expert witnesses who are expected to testify at trial.
The Lamoreauxs’ response to the County’s petition is twofold. The Lamoreauxs insist that the information sought by the County in interrogatories 2, 3, and 4 is beyond the scope of discovery of information from experts who are expected to testify at trial and that the information sought is protected by state law from discovery.
The Lamoreauxs argue that while Ala. R. Civ. P. 26 sets forth the general scope of discovery, it also contains specific rules concerning the scope of discovery for certain matters, such as insurance agreements, trial preparation materials, and expert witnesses. Rule 26(b)(2)-(4), Ala. R. Civ. P. They argue that the more specific limitation of the scope of discovery as to expert witnesses and their opinions controls.
Rule 26(b)(4)(A) provides:
“Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
“(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.”
This is almost verbatim the information requested by the County in interrogatory 1.
Unlike the full disclosure allowed by Rule 26(b)(1), the provision of the rule regarding discovery as it relates to expert witnesses expected to testify at trial in Rule 26(b)(4) “seeks to strike a balance between full discovery and no discovery at all.” Ala. R. Civ. P. 26, Committee Comments on 1973 Adoption. We agree that to the extent there is a conflict between Rule 26(b)(1), providing the general scope of discovery, and Rule 26(b)(4)(A)(i), which provides for the scope of discovery of experts expected to testify at trial, the more specific rule governs. See Dollar v. City of Ashford, 677 So.2d 769 (Ala.Civ.App.1995).
The interrogatories described in Rule 26(b)(4)(A)(i) are a prerequisite to any discovery concerning experts expected to testify at trial. Any additional discovery is governed by subsection (ii), which provides: “[U]pon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.” The Committee Comments note that with regard to experts a party anticipates using at trial:
“Opposing parties are entitled, without cost, to secure answers to interrogatories containing the identity of these experts and the substance of the facts and opinions upon which they are expected *734 to testify. Further discovery can be had upon motion, the granting of which would depend upon a showing of the inadequacy of the answers to interrogatories. If further discovery is permitted, fees and expenses can be demanded of the party seeking discovery.”
Committee Comments on 1973 Adoption, subdivision (b)(4)(l)(emphasis added).
Interrogatory 1 requests information permitted to be sought by Rule 26(b)(4)(A)(i). The Lamoreauxs have responded to this interrogatory. The County has not objected to the response filed by the Lamoreauxs, nor has it filed a motion to compel a further and/or additional response to interrogatory 1.
Secondly, the Lamoreauxs state that the trial court properly denied the County’s motion to compel because, they argue, the information sought in interrogatories 2, 3, and 4 is protected from discovery by state law. Section 18-1A-130, Ala.Code 1975, provides:
“Discovery and pretrial conferences in condemnation actions in the circuit court are governed by the Alabama Rules of Civil Procedure.
“Nothing in this section shall be construed to enable any party to obtain a written valuation report of the other party.”
The Lamoreauxs argue that interrogatories 2, 3, and 4 request information contained in a written valuation report, which § 18-1A-130 forbids the County from obtaining. This Court in State v. Bragg, 710 So.2d 417 (Ala.1998), stated:
“The Alabama Rules of Civil Procedure were promulgated by this Court under authority granted by the Alabama Constitution of 1901, amd. 328, § 6.11, which provides, in part, that ‘[t]he supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts.’ However, § 6.11 also contains a proviso that the rules promulgated by this Court ‘may be changed by a general act of statewide application.’ ”
710 So.2d at 418. The Court found that § 18-1A-130 was a statutory provision intended by the Legislature to supersede the Rules of Civil Procedure and, further, that the Code section expressly exempted written valuation reports, commonly referred to as appraisal reports, from discovery in condemnation cases.
We agree with the Lamoreauxs that the County’s interrogatories 2, 3, and 4, while not requesting by name the written valuation report of the Lamoreauxs’ expert, seek all the material information that would be contained in a written valuation report. While the various forms of discovery were intended to be cumulative to and to supplement each other, discovery through one means can be no broader than that expressly limited through another means of discovery. The County cannot obtain through interrogatories information that it is forbidden to obtain by use of a request for production of documents. Because the information requested in interrogatories 2, 3, and 4 is protected by statute from disclosure, it is protected regardless of the discovery method used to attempt to obtain it.
Because discovery matters are within the sound discretion of the trial court, this Court will not reverse a trial court’s rulings on discovery issues unless the trial court has clearly abused it discretion. We find that the circuit court did not abuse its discretion in denying the County’s motion to compel answers to interrogatories 2, 3, and 4. These interrogatories were beyond the scope of discovery permitted as of right by Rule 26(b)(4)(A)(i), Ala. R. Civ. P. Further, the information sought in inter *735 rogatories 2, 3, and 4 is protected from discovery by § 18-1A-130, Ala.Code 1975. The County’s petition for writ of mandamus is denied.
PETITION DENIED.
MOORE, C.J., and SEE, BROWN, and HARWOOD, JJ., concur.